ZULCOSKY v FARM BUREAU LIFE INSURANCE COMPANY OF
MICHIGAN

Docket No. 146189. Submitted April 12, 1994, at Grand Rapids.
Decided July 5, 1994, at 9:10 A.M. Leave to appeal sought.

Jean Zulcosky brought an action in the Wayne Circuit Court
against Farm Bureau Life Insurance Company of Michigan,
seeking the proceeds of a life insurance policy that named her
as the beneficiary. The insurer moved for summary disposition,
alleging that the deceased insured misrepresented a material
fact concerning his driving record in his application for the
insurance and that recovery was barred because the insurance
policy would not have been issued had such material misrepre-
sentation not been made. The court, Susan D. Borman, J.,
granted the defendant's motion. The plaintiff appealed.

The Court of Appeals *held:*

Summary disposition was not appropriate because a question
of fact existed regarding whether the defendant would have
refused to issue the policy had it known the truth concerning
the insured's driving record. The insurer bears the burden of
proving that the insured's misrepresentation was material, i.e.,
that it would not have issued the policy had the insured's true
driving record been known.

Reversed and remanded.

INSURANCE — RESCISSION OF CONTRACT — MATERIAL MISREPRESENTA-
TIONS — BURDEN OF PROOF.

The insurer bears the burden of proving materiality in determin-
ing whether a misrepresentation in an application for insur-
ance was material and, therefore, whether rescission of an
insurance contract is allowed on that basis; evidence of the
insurer's practices with regard to the acceptance or rejection of
similar risks is admissible; a material misrepresentation is one
that, if known, would have led the insurer to refuse to make
the contract (MCL 500.2218[3]; MSA 24.12218[3]).

REFERENCES

Am Jur 2d, Insurance §§ 1011-1014.
See ALR Index under Insurance and Insurance Companies.

*Honigman Miller Schwartz & Cohn* (by *Norman C. Ankers* and *Daniel G. Helton*), for the plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Frederick B. Plumb* and *Robert D. Goldstein*), for the defendant.

Before: MICHAEL J. KELLY, P.J., and HOOD and S. B. MILLER,* JJ.

HOOD, J. Plaintiff asserted a claim for proceeds as beneficiary under a life insurance policy. Defendant responded that the deceased insured misrepresented a material fact concerning his driving record in the application for the policy and, thus, recovery is barred. The trial court granted defendant's motion for summary disposition.[1] We reverse.

The relevant facts are as follows.

Plaintiff's son, Mark, applied for life insurance with defendant in 1988. The application was completed by defendant's agent-employee, who checked a box indicating that Mark had not received any traffic tickets in the preceding five years. (For purposes of this discussion, we will assume that the agent correctly transcribed Mark's response to the question.) In fact, Mark had received several such citations. Mark's signature appeared on the life insurance application below a preprinted statement declaring that he had read the questions and answers in the application, and that they were complete and true. Mark made timely premium payments until he was shot to death in January of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] It is not clear from the records and briefs whether defendant's motion was under MCR 2.116(C)(8) or MCR 2.116(C)(10). However, because both parties and the court referred to evidence beyond the pleadings and whether there was a dispute of material fact, we treat it as a motion within MCR 2.116(C)(10).

1990. Plaintiff applied for benefits under the policy and defendant denied coverage after an investigation revealed that Mark had several alcohol-related traffic citations.

Plaintiff initiated the instant action in the Wayne Circuit Court. Defendant moved for summary disposition, claiming that Mark made a material misrepresentation regarding his driving record in completing the application for life insurance. According to defendant, the policy would not have been issued had it known that Mark had several alcohol-related traffic offenses within the five-year period preceding his completion of the application. Plaintiff responded that summary disposition was inappropriate because a number of triable issues of fact existed. The trial court granted defendant's motion for summary disposition. Plaintiff's subsequent motions for rehearing and peremptory reversal were denied.

Plaintiff raises several arguments to support her contention that the trial court improperly granted defendant's motion for summary disposition. We find persuasive plaintiff's argument that a question of fact existed regarding whether defendant would have refused to issue the policy had it known the truth concerning Mark's driving record.

In Michigan, a misrepresentation must be "material" in order to allow rescission of an insurance contract. MCL 500.2218(1); MSA 24.12218(1); *In re Certified Question, Wickersham v John Hancock Mutual Life Ins Co,* 413 Mich 57, 65; 318 NW2d 456 (1982). In determining the issue of materiality, evidence of the insurer's practices with regard to the acceptance or rejection of similar risks is admissible. MCL 500.2218(3); MSA 24.12218(3). The insurer bears the burden of proving materiality. *Szlapa v Nat'l Travelers Life Co,* 62 Mich App 320, 325; 233 NW2d 270 (1975).

To support its motion for summary disposition, defendant presented an affidavit from its underwriter that stated that had Mark's driving record been accurately related, the policy of life insurance would not have been issued. Defendant also presented an affidavit from the head of its underwriting department that stated that it was defendant's policy at the time of Mark's application to decline insurance to any applicant with two or more alcohol-related driving violations. (Mark had received two careless driving tickets and three convictions for driving under the influence of intoxicating liquor within the *five* years preceding his application.)

To rebut this claim, plaintiff introduced a copy of defendant's "Driving Guidelines," which were an integral part of its underwriting manual at the time Mark submitted his application. These guidelines seek to divide applicants into different groups according to the amount of driving violation "points" accumulated and the type of insurance policy sought. Notably, the guidelines take into consideration only those driving violations less than *three* years old and assign each possible type of violation a certain number of points.

Applying this formula, Mark would have been assessed thirteen points for driving violations received within the *three*-year period immediately preceding completion of the application. The guidelines do not state that a person with thirteen points would automatically be excluded from consideration for life insurance. In fact, Mark's point total did not even place him in the highest category, but, rather, the second highest. Admittedly, given his point total, Mark would have been subject to a higher premium rate than he actually paid. Nonetheless, the fact remains that applicants with as many as sixteen points were eligible for

life insurance coverage pursuant to the guidelines utilized by defendant.

More significantly, the guidelines do not support defendant's stated "policy" position that an applicant with two or more alcohol-related driving violations would automatically be excluded from consideration for life insurance. To the contrary, the guidelines appear to be comprehensive, quite mechanical in application, and seem to leave no room for "individual considerations."

Thus, the question remains whether the misrepresentation was "material." In *Keys v Pace,* 358 Mich 74, 82; 99 NW2d 547 (1959), the Supreme Court, quoting 29 Am Jur, Insurance, § 525, stated:

> The generally accepted test for determining the materiality of a fact or matter as to which a representation is made to the insurer by an applicant for insurance is to be found in the answer to the question whether reasonably careful and intelligent underwriters would have regarded the fact or matter, communicated at the time of effecting the insurance, as *substantially increasing the chances of loss insured against so as to bring about a rejection of the risk or the charging of an increased premium.*

In subsequent cases, regarding the question of "materiality," the courts of this state have not focused on whether the insurer would have been entitled to charge an increased premium but for the misrepresentation. Instead, the inquiry has been limited to whether the insurer would have rejected the application altogether had the true facts been known. See *Wickersham, supra; Clark v John Hancock Mutual Life Ins Co,* 180 Mich App 695, 699-700; 447 NW2d 783 (1989). In drafting § 2218(1), the Legislature specifically defined "material" misrepresentations as those misrepresenta-

tions that, if known, would have led to a refusal by the insurer to make the contract. Therefore, we are inclined to follow the recent line of cases that limit the analysis on the issue of "materiality" to whether the insurer would have refused to make the contract had it known of the misrepresentation.

Defendant supported its motion for summary disposition by averring that it would not have issued the policy had it known the truth concerning Mark's driving record. In this regard, defendant made an initial showing that the misrepresentation was "material." However, plaintiff presented documentary evidence in the form of defendant's "Driving Guidelines" in an effort to establish that defendant would not have refused to issue the policy had it known the truth about Mark's driving record. Again, the insurer bears the burden of proving materiality. *Szlapa, supra.*

Clearly, plaintiff presented relevant documentary evidence that squarely addressed the issue whether defendant would have accepted or rejected Mark as a risk. Thus, despite defendant's assertions to the contrary, a disputed question of fact existed regarding whether it would have refused to issue the policy had it known the truth about Mark's driving record. Accordingly, summary disposition pursuant to MCR 2.116(C)(10) was inappropriate. *Paterek v 6600 Limited,* 186 Mich App 445, 447; 465 NW2d 342 (1990).

Having found error requiring reversal, it is unnecessary to review in detail the remaining arguments raised by plaintiff. Suffice it to say, we do not find error in the other portions of the trial court's ruling.

Reversed and remanded. We do not retain jurisdiction.