662 N.W.2d 745 (2003)
AUTO CLUB INSURANCE ASSOCIATION, Plaintiff-Appellant,
v.
Vasel JUNCAJ, Hana Juncaj, Ljena Juncaj, Sonia John, Susan John, a Minor by her Next Friend, and Akhtar John, Defendants-Appellees.
Docket No. 122540, COA No. 231298.
Supreme Court of Michigan.
June 19, 2003.
On order of the Court, the application for leave to appeal the August 6, 2002 judgment of the Court of Appeals is considered, and it is DENIED, there being no majority in favor of granting leave to appeal.
MARILYN J. KELLY, J., concurs, and states as follows:
Because the Court of Appeals did not clearly err in holding that Oade v. Jackson Nat'l Life Ins Co[1] was inapposite to the facts in this case, I agree with the order denying leave. I write in concurrence to point out that neither the trial court nor the Court of Appeals found that defendant made a misrepresentation. Therefore, the issue of materiality was never relevant and is inappropriate in the dissent.
In order to have a material misrepresentation, there must first be a misrepresentation. The dissent assumes that there was a finding of misrepresentation and states that the Court of Appeals erred in distinguishing Oade with regard to materiality. However, an examination of the record reveals that the trial court never found that defendant's conduct actually constituted a misrepresentation.[2]
In granting summary disposition for defendant, the trial court found no evidence of misrepresentation. Both courts noted that plaintiff did not provide evidence that would create a question of fact on the issue. Defendant testified about why the omissions occurred and provided an affidavit from the person with whom he lived at the address listed in the policy. Plaintiff presented nothing to rebut these explanations, but chose instead to argue that defendant's evidence was inherently incredible. Plaintiff's Application, p 18. Therefore, plaintiff did not meet its burden of coming forth in response with actual evidence of its own. McCart v. J Walter Thompson USA, Inc., 437 Mich. 109, 469 N.W.2d 284 (1991).
Moreover, the trial court noted that plaintiff had already processed at least two claims from defendant made from the new, different address. The trial court took note of this and concluded that defendant had not concealed the different address; on the contrary, it found that plaintiff had actually discovered the new address before defendant made this claim. The Court of Appeals recognized this and held that "plaintiff presented no evidence that created a question of fact on this issue." Unpublished opinion per curiam, issued August 6, 2002 (Docket No. 231298, *746 2002 WL 1804030) (emphasis added). To be sure, Oade would compel a holding that the "misrepresentations" were material had they been found to exist. However, the Court of Appeals correctly noted that there never was a finding of misrepresentation here in the first place.[3]
Therefore, as defendant has not been shown to have made any misrepresentations, it follows that defendant made no material misrepresentations.
MARKMAN, J., dissents and states as follows:
I respectfully dissent. In bringing, this action for declaratory judgment, plaintiff has argued that the defendant insured made a material misrepresentation by failing to update his address and by failing to add his teenage daughter, who had begun driving, to this no-fault automobile-insurance policy. The policy specifically required the insured to report all address changes within thirty days and provided that the entire policy would be void if the insured intentionally concealed or misrepresented any material fact or circumstance relating to the insurance. Plaintiff presented evidence that, had the information regarding the change of address and the new driver been reported, the premium for this policy would have been substantially higher. The Court of Appeals, agreeing with the trial court that the insured "did not make a material misrepresentation," unpublished opinion per curiam, issued August 6, 2002 (Docket No. 231298, 2002 WL 1804030), p 3, affirmed the trial court's order denying plaintiff's motion for summary disposition and granting defendants' motion for summary disposition. The court concluded that Oade v. Jackson Nat'l Life Ins. Co., 465 Mich. 244, 632 N.W.2d 126 (2001), did not apply because that case was limited to life-insurance policies.
In Oade, however, this Court relied on Keys v. Pace, 358 Mich. 74, 82, 99 N.W.2d 547 (1959), a case involving auto insurance, to conclude that a fact or representation is "material" if it would have resulted in either "`rejection of the risk or the charging of an increased premium.'" Oade, 465 Mich. at 253-254, 632 N.W.2d 126 (emphasis supplied). Applying the Oade standard to this case, I would conclude that the failure to report the change of address and to add coverage for the new driver amounted to a material misrepresentation. Had these facts been properly reported, the premium under the policy would have been substantially higher. Therefore, I would peremptorily reverse the judgment of the Court of Appeals and remand to that Court for consideration of the trial court's alternative basis for granting summary disposition to defendants.
CORRIGAN, C.J., and TAYLOR, J., join in the dissenting statement of MARKMAN, J.
YOUNG, Jr., J., not participating.
NOTES
[1] 465 Mich. 244, 632 N.W.2d 126 (2001).
[2] In Oade, the Court noted that M.C.L. § 500.2218(2) defined a "representation" as "a statement as to past or present fact, made to the insurer by or by the authority of the applicant for insurance or the prospective insured, at or before the making of the insurance contract as an inducement to the making thereof. "Oade at 251, 632 N.W.2d 126 (emphasis added). Therefore, the finding of a misrepresentation requires something more than just a false representation; there must also be a finding that the representation was made as an inducement.
[3] As an alternative to the statutory definition from Oade, the policy in this case requires a finding of intentional conduct. Condition 20 of defendant's policy provides that the policy is void if "an insured person has intentionally concealed or misrepresented any material fact or circumstance" relating to the insurance. (Emphasis added.) No evidence was presented showing that defendant intended to misrepresent information to plaintiff.