WEAVER, J.
(concurring). I join fully in Justice CAVANAGH’s concurrence.
I write separately because this case is further evidence that this Court needs to address and open for public comment the specific procedures to be followed when a justice decides whether or not to participate in a case, and whether Const 1963, art 6, § 6 requires justices to give written reasons for their decisions whether or not to participate in a case.
*97 When this Court entered its order granting leave to appeal on June 25, 2004, Justice YOUNG was shown as not participating; he is also shown as not participating in this memorandum opinion. No public or written explanation for Justice Young’s decision not to participate in the case has been given to the Court, the parties, or the public.
A justice’s nonparticipation in a case may arise in one of two ways. A justice may decide, on his own initiative, not to participate in a case, and be shown as not participating. Alternatively, a party may request the recusal of a justice from a case. Recusal is defined as “[t]he process by which a judge is disqualified on objection of either party (or disqualifies himself or herself) from hearing a lawsuit because of self interest, bias or prejudice.” Black’s Law Dictionary (6th ed).
It is now clear to me that there is a right and an expectation of the people of Michigan that a justice will participate in every case unless there is a valid publicly known reason why the justice should not participate in a particular case. Traditionally, in this Court a justice’s decision on whether to participate or not participate in a case has been a secret matter, and justices have not made public the reasons for that decision.[1] But a *98 justice’s decision whether to participate or not participate in a case and the reasons for that decision should not be governed by tradition and secrecy; they should be governed by the law, the Constitution, and the Michigan Court Rules made in conformance with the Constitution; and they should be made publicly and in writing for the record. This Court should set the highest standards for clear, fair, orderly, and public procedures.
The question whether a justice should participate or not participate in a case arises with regularity. Since May 2003, when I proposed opening an administrative file on the recusal procedure in In re JK, 468 Mich 1239 (2003), a justice has been shown as not participating, with no reason given, in at least 31 cases.[2]
The questions raised in this and any other case in which a justice’s participation or nonparticipation arises are:
1) Are individual justices bound by the requirements of art 6, § 6 of the 1963 Michigan Constitution that states, “Decisions of the supreme court. . . shall be in writing and shall contain a concise statement of the facts and reasons for each decision . . .”?
2) Do the procedures regarding the disqualification of judges set forth in Michigan Court Rule 2.003 apply to Supreme Court justices?
*99 Const 1963, art 6, § 6, which states that “Decisions of the supreme court. . . shall be in writing and shall contain a concise statement of the facts and reasons for each decision” requires that justices give written reasons for each decision.[3] There is no more fundamental purpose for the requirement that the decisions of the Court be in writing than for the decisions to be accessible to the citizens of the state. Because a justice’s decision to not participate in a case can, itself, change the outcome of a case, the decision is a matter of public significance and public access and understanding regarding a justice’s participation or nonparticipation is vital to the public’s ability to assess the performance of the Court and the performance of the Court’s individual justices. Thus, the highest and best reading of art 6, § 6 requires that a justice’s self-initiated decision not to participate, or a challenged justice’s decision to participate or not participate, should be in writing and accessible to the public.
Further, Michigan Court Rule 2.003, which regulates the procedures for the disqualification of judges, applies to Michigan Supreme Court justices.[4] Michigan Court Rule 2.001 provides that the rules in chapter 2, which includes MCR 2.003, apply to all courts established by the Constitution and laws of the state of Michigan.[5] The Michigan Supreme Court is a court established by the Michigan Constitution. Thus, a plain reading of the *100 court rule shows that MCR 2.003 governs the procedures for the disqualification of Michigan Supreme Court justices.
Almost two years ago, in May 2003, this Court’s longstanding failure to follow and apply MCR 2.003 to itself became apparent to me.[6] As a result, I proposed an amendment of MCR 2.003 that would clarify the applicability of MCR 2.003 and bring MCR 2.003 into conformance with the requirements of Const 1963, art 6, § 6. The amendment I proposed requires a justice to publish in the record of the case the reason(s) for the justice’s decision whether to participate or not participate in a case.[7] In response to my recommendation that the Court open an administrative file and take public comments on such a rule, the Court opened an administrative file, ADM 2003-26, on May 20, 2003. But almost two years later, the Court has not yet placed the proposed amendment or the issue on any of the public hearing agendas on administrative matters held during that time. There have been five such public hearings since May 2003: September 23, 2003, January 29, 2004, May 27, 2004, September 15, 2004, and most recently January 27, 2005. Nor has the Court taken any other action regarding a clear, fair, orderly, and public procedure for the participation or nonparticipation of justices of the Supreme Court.
*101 A justice’s decision whether to participate or not participate in a case and the reasons for that decision should not be governed by tradition and secrecy; they should be governed by the law, the Constitution, and the Michigan Court Rules made in conformance with the Constitution; and they should be made publicly and in writing for the record. This Court should set the highest standards for clear, fair, orderly, and public procedures.
I continue to urge the Court to recognize, open for public comment, and address this ongoing need to have clear, fair, orderly, and public procedures concerning the participation or nonparticipation of justices.
APPENDIX A
Chief Justice TAYLOR was shown as not participating in two cases. Booker v Detroit, 469 Mich 892 (2003), and Neal v Dep’t of Corrections, 471 Mich 928 (2004).
Justice CAVANAGH was shown as not participating in two cases. Konieczka v Dep’t of Transportation, 468 Mich 912 (2003), and Herwig-Tucker v Detroit Entertainment, LLC, 471 Mich 873 (2004).
Justice KELLY was shown as not participating in seven cases. Boyle v Gen Motors Corp, 468 Mich 1249 (2003) , Woodman v Miesel Sysco Food Service Co, 469 Mich 855 (2003), Grievance Administrator v Raaflaub, 668 NW2d 146 (Mich, 2003), People v Wright, 469 Mich 880 (2003), People v White, 469 Mich 877 (2003), Sonsynath v Dep’t of Transportation, 668 NW2d 153 (Mich, 2003), and People v Herbert, 470 Mich 857 (2004) .
Justice CORRIGAN was shown as not participating in one case. Shaya v Universal Standard Medical Laboratories, Inc, 469 Mich 994 (2004).
*102 Justice YOUNG was shown as not participating in eight cases. Bomarko, Inc v Mercy Health Services No 2, 468 Mich 915 (2003), Auto Club Ins Ass’n v Juncaj, 468 Mich 923 (2003), Brooks v State Farm Mut Automobile Ins Co, 469 Mich 874 (2003), Blamer v Guiang, 469 Mich 899 (2003), People v Shook, 469 Mich 911 (2003), Fournier v Mercy Community Health Care System-Port Huron, 469 Mich 921 (2003), Warber v Trinity Health Corp, 469 Mich 1001 (2004), and Lawrence v Battle Creek Health Systems, 469 Mich 1051 (2004).
Justice MARKMAN was shown as not participating in eleven cases. People v Nevers, 469 Mich 881 (2003), People v Bahoda, 469 Mich 945 (2003), Shacket Developments, Inc v Labana, 469 Mich 909 (2003), Shaya v Universal Standard Medical Laboratories, Inc, 469 Mich 994 (2004), Hughes v Hall, 469 Mich 1016 (2004), People v Harwell, 469 Mich 1017 (2004), Grievance Administrator v Zipser, 469 Mich 1307 (2004), People v Zakar, 470 Mich 854 (2004), Landes v Equity Resource Environmental, 470 Mich 864 (2004), People v Nevers, 683 NW2d 674 (Mich, 2004), and American Bumper and Mfg Co v Nat’l Union Fire Ins Co of Pittsburgh, 471 Mich 948 (2004).
APPENDIX B
MCR 2.003, Disqualification of Judge, provides:
(A) Who May Raise. A party may raise the issue' of a judge’s disqualification by motion, or the judge may raise it.
(B) Grounds. A judge is disqualified when the judge cannot impartially hear a case, including but not limited to instances in which:
(1) The judge is personally biased or prejudiced for or against a party or attorney.
*103 (2) The judge has personal knowledge of disputed evidentiary facts concerning the proceeding.
(3) The judge has been consulted or employed as an attorney in the matter in controversy.
(4) The judge was a partner of a party, attorney for a party, or a member of a law firm representing a party within the preceding two years.
(5) The judge knows that he or she, individually or as a fiduciary, or the judge’s spouse, parent or child wherever residing, or any other member of the judge’s family residing in the judge’s household, has an economic interest in the subject matter in controversy or in a party to the proceeding or has any other more than de minimis interest that could be substantially affected by the proceeding.
(6) The judge or the judge’s spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
(a) is a party to the proceeding, or an officer, director or trustee of a party;
(b) is acting as a lawyer in the proceeding;
(c) is known by the judge to have a more than de minimis interest that could be substantially affected by the proceeding;
(d) is to the judge’s knowledge likely to be a material witness in the proceeding.
A judge is not disqualified merely because the judge’s former law clerk is an attorney of record for a party in an action that is before the judge or is associated with a law firm representing a party in an action that is before the judge.
(C) Procedure.
(1) Time for Filing. To avoid delaying trial and inconveniencing the witnesses, a motion to disqualify must be filed within 14 days after the moving party discovers the ground for disqualification. If the discovery is made within 14 days of the trial date, the motion must be made forthwith. If a motion is not timely filed, untimeliness, *104 including delay in waiving jury trial, is a factor in deciding whether the motion should be granted.
(2) All Grounds to be Included; Affidavit. In any motion under this rule, the moving party must include all grounds for disqualification that are known at the time the motion is filed. An affidavit must accompany the motion.
(3) Ruling. The challenged judge shell decide the motion. If the challenged judge denies the motion,
(a) in a court having two or more judges, on the request of a party, the challenged judge shall refer the motion to the chief judge, who shell decide the motion de novo;
(b) in a single-judge court, or if the challenged judge is the chief judge, on the request of a party, the challenged judge shall refer the motion to the state court administrator for assignment to another judge, who shall decide the motion de novo.
(4) Motion Granted. When a judge is disqualified, the action must be assigned to another judge of the same court, or, if one is not available, the state court administrator shall assign another judge.
(D) Remittal of Disqualification. If it appears that there may be grounds for disqualification, the judge may ask the parties and their lawyers to consider, out of the presence of the judge, whether to waive disqualification. If, following disclosure of any basis for disqualification other than personal bias or prejudice concerning a party, the parties without participation by the judge, all agree that the judge should not be disqualified, and the judge is then willing to participate, the judge may participate in the proceedings. The agreement shall be in writing or placed on the record.

 From January 1, 1995, when I began serving on the Michigan Supreme Court, until May 2003, when I first stated that justices should publish in the record of the case the reason(s) for the justice’s decision whether to participate or not participate in a case, I was shown as not participating approximately 251 times, with no explanation given. In almost all these cases, I did not participate because I had been on the Court of Appeals panels that earlier decided the cases and I was informed that justices “traditionally” did not participate in such cases. In retrospect, I believe that reasons for my decisions not to participate should have been made part of the Court’s orders or opinions.
I filed a detailed explanation of my decision not to participate in In re JK, 468 Mich 1239 (2003). In Gilbert v DaimlerChrysler Corp, 470 Mich 749; 685 NW2d 391 (2004), reconsideration den 472 Mich 1201 (2005), *98 the plaintiffs attorney moved to disqualify then-Chief Justice Corrigan and Justices Weaver Taylor Young, and Markman. I attached to the order denying that motion a written explanation for my decision to participate in the case. Similarly, in Graves v Warner Bros, 669 NW2d 552 (2003), the plaintiff filed a motion for reconsideration, asking that then-Chief Justice Corrigan and Justices Weaver Taylor Young, and Markman recuse themselves from participating in the case. I filed a statement giving reasons for my decision to participate in the case.

 The list of cases in which the various justices were shown as not participating is attached as Appendix A.

 Art 6, § 6 of the 1963 Michigan Constitution states, in full:
Decisions of the supreme court, including all decisions on prerogative writs, shall he in writing and shall contain a concise statement of the facts and reasons for each decision and reasons for each denial of leave to appeal. When a judge dissents in whole or in part he shall give in writing the reasons for his dissent.

 The full text of MCR 2.003 is attached as Appendix B.

 MCR 2.001 states:
*100 The rules in this chapter govern procedure in all civil proceedings in all courts established by the constitution and laws of the State of Michigan, except where the limited jurisdiction of a court makes a rule inherently inapplicable or where a rule applicable to a specific court or a specific type of proceeding provides a different procedure.

 In In re JK, 468 Mich 1239 (2003), my participation in a case became an issue, which led me to research the procedures governing the participation and disqualification of justices.

 See In re JK, 468 Mich 1239 (2003).