# STATE OF MICHIGAN

# COURT OF APPEALS

GABRIEL ROOKUS and SARAH ROOKUS,

      Plaintiffs-Appellees,

v

RANDY MERREN AUTO SALES, INC., doing
business as RANDY MERREN AUTO SALES OF
IONIA,

      Defendant-Appellant.

UNPUBLISHED
February 13, 2018

No. 336766
Kent Circuit Court
LC No. 16-000832-NO

Before: MARKEY, P.J., and M. J. KELLY and CAMERON, JJ.

PER CURIAM.

Defendant, Randy Merren Auto Sales, Inc., appeals by leave granted the trial court's order denying its motion for summary disposition. We reverse and remand for further proceedings consistent with this opinion.

This case arises out of an automobile accident that occurred on April 24, 2013. On that day, Darrell Raymond and his wife brought their vehicle to defendant for repair work. Defendant's general manager loaned the Raymonds a 2000 Nissan Xterra to use while their vehicle was being repaired.

Later that day, while the Raymonds were traveling on I-96, one of the Xterra's tires failed. The Raymonds drove the Xterra to the side of the highway to change the tire, but Darrell was unable to access the spare tire from its location underneath the Xterra's trunk because the tool necessary to access the spare tire was not located in the vehicle. The Raymonds contacted one of defendant's representatives and were instructed to call a tow truck service.

The Raymonds contacted East Beltline Towing and Service, Inc., and plaintiff tow truck driver Gabriel Rookus was dispatched to their location. After Gabriel arrived, a collision occurred between an oncoming vehicle driven by Joshua Woods and the tow truck, propelling the tow truck toward the Xterra. Gabriel reacted to the collision in time to push Darrell out of harm's way and then attempted to jump into the trunk of the Xterra to avoid harm. Unfortunately, Gabriel's right leg remained beneath the Xterra's tailgate and was crushed between the tow truck and the Xterra. Gabriel suffered significant injury, and doctors later amputated his right leg below the knee. Gabriel and his wife, Sarah Rookus, subsequently filed suit against defendant, alleging that defendant was negligent in failing to equip the Xterra with

-1-

the tool necessary to lower the spare tire from its storage compartment and that this negligence had caused Gabriel's injuries.

Defendant moved for summary disposition pursuant to MCR 2.116(C)(10). Defendant argued that it did not owe a duty of care to plaintiffs because it shared no relationship with plaintiffs. Defendant had not contracted with Gabriel or his employer or instructed the Raymonds to contact Gabriel or his employer in particular. Defendant also argued that even if it did owe a duty of care to plaintiffs, Woods's action of driving his vehicle into the tow truck was not reasonably foreseeable and constituted a superseding cause absolving defendant of liability for plaintiffs' injuries.

The trial court denied defendant's motion for summary disposition. The trial court held that a duty of care could arise as a matter of law in the absence of a relationship between the parties and found that such a duty existed here. In so doing, the trial court found that it was reasonably foreseeable that without the proper tools to change a tire, the Raymonds would have to hire a tow truck and the tow truck driver would be injured as a result of the service call. In addition, the trial court also found that defendant had violated MCL 257.244(6) and MCL 257.683 by improperly loaning the Xterra for use with a dealer plate and without the necessary tools to access the spare tire and implied that these statutory violations created an inference of negligence. The trial court further found that the question of whether Woods's actions constituted a superseding cause absolving defendant of liability could not be resolved on summary disposition and must be submitted to the trier of fact.

On appeal, defendant argues that the trial court erred when it denied defendant's motion for summary disposition because defendant owed no duty of care to plaintiffs and, without such a relationship, a duty of care could not be imposed. We agree.

This Court reviews de novo motions for summary disposition under MCR 2.116(C)(10). *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). This Court, reviewing the record in the same manner as the lower court, "must consider the pleadings, affidavits, depositions, admissions, and any other evidence in favor of the party opposing the motion, and grant the benefit of any reasonable doubt to the opposing party." *Radtke v Everett*, 442 Mich 368, 374; 501 NW2d 155 (1993). This Court reviews de novo whether defendant owed plaintiff a duty of care. *Hill v Sears, Roebuck & Co*, 492 Mich 651, 659; 822 NW2d 190 (2012).

MCR 2.116(C)(10) provides that a trial court may grant judgment on all or part of a claim where "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). But when deciding a motion for summary disposition, a court may not assess credibility or determine facts. *Oade v Jackson Nat'l Life Ins Co*, 465 Mich 244, 265; 632 NW2d 126 (2001).

To succeed on a negligence claim, a plaintiff must demonstrate that (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; (3) the plaintiff was harmed, and (4) the defendant's breach of his duty was the cause of plaintiff's harm. *Loweke v Ann*

*Arbor Ceiling & Partition Co*, 489 Mich 157, 162; 809 NW2d 553 (2011). A defendant cannot be liable unless he owed a duty to the plaintiff. *Hill*, 492 Mich at 661. "[W]hether a legal duty exists is a question of whether the relationship between the actor and the plaintiff gives rise to any legal obligation on the actor's part to act for the benefit of the subsequently injured person." *In re Certified Question*, 479 Mich 498, 505-506; 740 NW2d 206 (2007) (quotation marks and citations omitted). In determining whether a duty exists, a trial court should consider the parties' relationship, the foreseeability of the harm, the burden placed on the defendant, the nature and severity of the risk at issue, the moral blame of the conduct, and the connection between the conduct and the harm. *Valcaniant v Detroit Edison Co*, 470 Mich 82, 86; 679 NW2d 689 (2004); *Dyer v Trachtman*, 470 Mich 45, 49; 679 NW2d 311 (2004). These considerations inform the trial court as to "the ultimate inquiry in determining whether a legal duty should be imposed," which is "whether the social benefits of imposing a duty outweigh the social costs of imposing a duty." *In re Certified Question*, 479 Mich at 505.

The "most important factor" in the determination whether a duty exists "is the relationship of the parties." *Id.* It is unnecessary to consider the other factors involved in the determination if no relationship exists between the parties. *Id.* at 507; see also *Buczkowski v McKay*, 441 Mich 96, 101; 490 NW2d 330 (1992) ("[T]o require the actor to act, some sort of relationship must exist between the actor and the other party which the law or society views as sufficiently strong to require more than mere observation of the events which unfold on the part of the defendant.") (quotation marks and citations omitted). Similarly, a duty cannot be imposed where the harm is not foreseeable. *In re Certified Question*, 479 Mich at 509; see also *Valcaniant*, 470 Mich at 88.

Based on these principles, we conclude that the trial court erred in holding that defendant owed a duty of care to plaintiffs. Defendant and plaintiffs shared no relationship, and, in the absence of such a relationship, it was error to impose a duty of care on defendant. See *Hill*, 492 Mich at 669; *In re Certified Question*, 479 Mich at 507. Defendant loaned a vehicle to the Raymonds; it did not contract with or suggest that the Raymonds enter into a contract with Gabriel specifically. Defendant never directly interacted with plaintiffs. The parties were tangentially related to each other only by an extremely attenuated series of events. To the extent that plaintiffs argue that the statement that "when there is no relationship between the parties, no duty can be imposed," see *In re Certified Question*, 479 Mich at 507, is a misinterpretation of negligence caselaw, we note that this concept has been repeatedly referenced both before and after the Court decided *In re Certified Question*. See, e.g., *Hill*, 492 Mich at 661, 669 ("[B]ecause only a limited relationship existed between the parties . . . it is not necessary for us to consider the additional factors related to whether a duty exists."); *Dyer*, 470 Mich at 53; *Buczkowski*, 441 Mich at 103 ("The duty to protect others against harm from third persons is based on a relationship between the parties.").

To support their position, plaintiffs cite caselaw in which our state's Supreme Court imposed duties of care despite the lack of relationship between the parties. But the Court has only imposed such a duty where a protected class of persons, such as children, is involved, *Moning v Alfono*, 400 Mich 425, 440-441; 254 NW2d 759 (1977), or when a defendant undertook to render services for the protection of a third party, *Smith v Allendale Mut Ins Co*, 410 Mich 685, 705-706; 303 NW2d 702 (1981). See also *Buczkowski*, 441 Mich at 103 n 8 (emphasizing that *Moning* found a duty of care for innocent bystanders harmed by a product

-3-

because the product at issue was targeted specifically toward children, "a class historically protected under the law of torts"). Plaintiffs are not a protected class of people and have not presented any evidence that defendant's action in loaning the Xterra to the Raymonds was done for the benefit of tow truck drivers. See *Smith*, 410 Mich at 705-706; *Moning*, 400 Mich at 440. Accordingly, under this fact scenario, plaintiffs are not entitled to the imposition of a duty in the absence of any relationship between plaintiffs and defendant.

Further, to the extent that the trial court may have imposed a duty of care upon defendant based on defendant's alleged violations of MCL 257.244(6) and MCL 257.683,[1] we also hold this to be error. The existence of a duty of care arising from a statute "depends on (1) whether the purpose of the statute was to prevent the type of injury and harm actually suffered and (2) whether the plaintiff was within the class of persons which the statute was designed to protect." *Cipri v Bellingham Frozen Foods, Inc*, 235 Mich App 1, 16; 596 NW2d 620 (1999) (citation, quotation marks and brackets omitted). But even if a duty of care arises from a statute, the violation of that statute is only prima facie evidence of negligence. *Id.*

MCL 257.244(6) provides:

> A licensee shall not use a special plate described in this section on service cars or wreckers operated as an adjunct of a licensee's business. A manufacturer, transporter, or dealer making or permitting any unauthorized use of a special plate under this chapter forfeits the right to use special plates and the secretary of state, after notice and a hearing, may suspend or cancel the right to use special plates and require that the special plates be surrendered or repossessed by the state.

MCL 257.244(4) allows a car dealership to move a vehicle on public roadways without registering the vehicle by displaying a special dealer plate issued to the dealership by the secretary of state. This statutory provision allows a dealership to move its vehicles to and from repair facilities and storage lots and to provide test drives to potential customers without incurring the expenses related to registering the vehicle with the secretary of state. Although it is clear that defendant violated MCL 257.244(6) by keeping the dealership plate on the Xterra while using it as a service car, MCL 257.244 did not impose a duty of care on defendant relevant to plaintiffs' injuries. No caselaw or legislative analysis exists indicating that this statutory provision was enacted to protect tow truck drivers against injury. See *Cipri*, 235 Mich App at 16. Moreover, such a proposition defies common sense. Whether a dealership uses a dealer license plate in violation of MCL 257.244(6) has no logical relationship to the physical safety of a tow truck driver called to service a vehicle improperly displaying a dealer license plate. Accordingly, defendant's violation of MCL 257.244(6) is irrelevant to whether defendant owed plaintiffs a duty of care. See *id.*

---

[1] We note that the trial court's oral opinion as to the determination that defendant owed plaintiffs a duty of care was not entirely clear as to whether it held that a statutory duty existed by virtue of MCL 257.683 and MCL 257.244(6) or that a common law duty existed or both. Because the trial court made the necessary findings regarding both a statutory duty and a common law duty, we have chosen to assess the viability of both possible holdings.

Next, MCL 257.683 provides:

(1)  A person shall not drive or move or the owner shall not cause or knowingly permit to be driven or moved on a highway a vehicle or combination of vehicles that is in such an unsafe condition as to endanger a person, or that does not contain those parts or is not at all times equipped with lamps and other equipment in proper condition and adjustment as required in sections 683 to 711, or that is equipped in a manner in violated of sections 683 to 711.  A person shall not do an act forbidden or fail to perform an act required under sections 683 to 711.

* * *

(4)  Sections 683 to 711 shall not prohibit the use of additional parts and accessories on a vehicle that are not inconsistent with those sections.

(5)  The provisions of sections 683 to 711 with respect to equipment on vehicles shall not apply to implements of husbandry, road machinery, road rollers, or farm tractors, except as specifically provided in sections 683 to 711.

(6)  Except as otherwise provided in section 698 or 707d, a person who violates a provision of sections 683 to 711 with respect to equipment on vehicles is responsible for a civil infraction.

We hold that defendant's actions in failing to provide the necessary tool for the Raymonds to access the Xterra's spare tire do not constitute "knowingly permit[ting]" the Raymonds to drive the Xterra "in such an unsafe condition as to endanger a person."  MCL 257.683(1).  This condition by itself did not place any person in danger and only prevented the Raymonds from temporarily replacing their tire.  To the extent that MCL 257.683(1) also prohibits defendant from permitting the Raymonds from driving a vehicle not properly equipped as required by MCL 257.683 to MCL 257.711, no statutory provision requires a vehicle to contain a spare tire or the tools necessary to access an existing spare tire.  And although MCL 257.710(f) does prohibit operating "a vehicle on a highway when a tire in use on that vehicle is unsafe" as defined by MCL 257.710(h), plaintiffs have not provided documentary evidence supporting that these provisions were violated.  The trial court erred in its determination that defendant violated MCL 257.683 and erred to the extent that it held that defendant's alleged violations of MCL 257.683 and MCL 257.244(6) were prima facie evidence of negligence.  Because we hold that defendant did not owe plaintiffs a duty of care, we need not address defendant's argument that Woods's actions in colliding with the tow truck constituted a superseding cause absolving defendant of liability as a matter of law.

We reverse and remand for further proceedings consistent with this opinion.  As the prevailing party, defendant may tax its costs.  MCR 7.219.  We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ Thomas C. Cameron

-5-