*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DERRICK BEVERLY,

Plaintiff-Appellant,

v

FALLS LAKE NATIONAL INSURANCE
COMPANY,

Defendant-Appellee.

UNPUBLISHED
November 21, 2023

No. 364780
Oakland Circuit Court
LC No. 2022-196265-NF

Before: MURRAY, P.J., and CAMERON and PATEL, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order dismissing his claim for no-fault personal protection insurance benefits under MCR 2.116(C)(10). Because we find that there is a genuine issue of material fact whether plaintiff made a material misrepresentation on his renewal application for insurance, we reverse and remand for further proceedings consistent with this opinion.

## I. FACTS

Plaintiff renewed his automobile insurance with defendant on November 11, 2019, for a six-month term. He completed the renewal application over the telephone with one of defendant's representatives. Defendant sent plaintiff a written version with his responses to the questions typed in. Plaintiff signed the renewal application and returned it to defendant without any corrections.

Relevant to this appeal, the renewal application reflected that plaintiff's marital status was "Single" and listed a Ford F-150 as the only vehicle garaged at his residence. According to the evidence, plaintiff separated from his wife in February 2019, and his wife moved to Georgia. But the couple remained married. Plaintiff also had at least two vehicles garaged at his residence in Pontiac at the time of the renewal application: the Ford F-150 and a Pontiac G6 that he acquired two months before the renewal application. Neither the Pontiac G6 nor plaintiff's wife's Chevrolet Equinox were listed on the renewal application. Both the G6 and the Equinox were separately insured with other providers. A question on the renewal application asked, "Are all vehicles you own listed on this application?" Plaintiff answered "Yes." Another question specifically asked if

-1-

there were "any other insured or uninsured vehicles besides those listed on this application garaged at your residence?" Plaintiff answered "No." And a question asked if "all members of your household who are age 14 or older" had been identified on the renewal application. Plaintiff answered "Yes." The application warned that coverage would be null and void if material misrepresentations had been made.

On January 6, 2020, plaintiff was involved in an accident while driving his wife's Chevrolet Equinox, with his wife as the front-seat passenger. Plaintiff was diagnosed with injuries to his neck and hip. He submitted medical bills totaling $68,989 to defendant's claims administrator. During a recorded statement, plaintiff stated that he was married and allegedly confirmed that a vehicle in the household was not listed on the policy. Defendant followed up its initial discussion with plaintiff about his claim with an examination under oath. Plaintiff testified that his wife had moved out in February 2019 and that he had lived alone since that time. But he also answered affirmatively when asked whether his wife's Equinox was predominantly parked at his residence in November 2019. He testified that his wife helped him with household chores every day after the accident, with the exception of a three-week period when "[s]he went back down south."

In a letter dated September 21, 2021, defendant gave notice to plaintiff that it was rescinding the policy and all claims under it were being denied in their entirety. The letter cited plaintiff's statement that he was single, and the omission of the Pontiac G6 and Equinox, as reasons for rescission. The letter emphasized the omission of the Equinox, stating that the inclusion of the Equinox would have caused a premium increase of $1,346. Two checks totaling $1,834.67 were attached, and described as "a refund of the policy premium." Plaintiff deposited the checks into his bank account in October 2021.

Thereafter, plaintiff filed this action alleging that defendant had breached the contract by rescinding the policy and refusing to pay no-fault personal protection insurance benefits. Plaintiff also sought declaratory relief to determine whether defendant had the right to rescind the policy. He later filed an affidavit from his wife in which the latter attested that she had permanently moved to Georgia, she owned the Equinox, she registered the Equinox with the state of Georgia, the Equinox was insured through GEICO in 2019, and "[i]n 2019 and thereafter" her vehicle was not garaged at plaintiff's residence.

Defendant moved for summary disposition under MCR 2.116(C)(10), arguing that it was entitled to rescind the insurance policy due to material misrepresentations in the application. The trial court granted the motion, concluding that three material misrepresentations in the insurance application justified rescission of the policy, and dismissed plaintiff's complaint in its entirety with prejudice. Plaintiff moved for reconsideration, which the trial court denied. This appeal followed.

## II. ANALYSIS

### A. STANDARDS OF REVIEW

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). When reviewing a motion for summary disposition under MCR 2.116(C)(10), a trial court must consider the

evidence submitted by the parties in the light most favorable to the non-moving party and may only grant the motion if there is no genuine issue of material fact. *El-Khalil*, 504 Mich at 160. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (cleaned up). But "[t]he court is not permitted to assess credibility, or to determine facts" in analyzing whether a genuine issue of material fact exists. *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994). "[S]ummary disposition is rarely appropriate in cases involving questions of credibility, intent, or state of mind." *In re Handelsman*, 266 Mich App 433, 438; 702 NW2d 641 (2005).

"Interpretation of a contract and whether the trial court properly applied equitable principles involve questions of law that we review de novo." *21st Century Premier Ins Co v Zufelt*, 315 Mich App 437, 443; 889 NW2d 759 (2016).

## B. MATERIAL MISREPRESENTATIONS

Plaintiff argues that the trial court erred by concluding that there was no genuine dispute that there were three material misrepresentations on his insurance application. We agree.

A misrepresentation in the insurance context is material if "knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make the contract." MCL 500.2218(1). This means that "reasonably careful and intelligent underwriters would have regarded the fact or matter, communicated at the time of effecting the insurance, as substantially increasing the chances of loss insured against so as to bring about a rejection of the risk or the charging of an increased premium." *Keys v Pace*, 358 Mich 74, 82; 99 NW2d 547 (1959) (cleaned up). All that is required of an insurer to establish materiality of a given misrepresentation, therefore, is to show that the insurer would have charged a higher premium had the insurer had the correct information. See *Oade v Jackson Nat'l Life Ins Co*, 465 Mich 244, 254-255; 632 NW2d 126 (2001).

To justify voiding the policy, defendant needed to show that at least one of the three statements was both a misrepresentation and material. Plaintiff concedes that the omission of the Pontiac G6 was a misrepresentation, but denies that omission of the Equinox or describing himself as single were misrepresentations. We agree with the trial court that plaintiff's answer regarding his marital status was a misrepresentation. Plaintiff argues that he was "effectively" living as a single man. The application asked about plaintiff's marital status, not his lifestyle. Regardless of plaintiff's living arrangements, he was married, and no legal divorce proceedings were initiated. We find that there was no genuine dispute that plaintiff's answer regarding his marital status, and his failure to disclose the Pontiac G6, constituted misrepresentations.

But defendant failed to present any evidence that the misrepresentations regarding plaintiff's marital status or the Pontiac G6, alone or together, were material. We have equated materiality of a misrepresentation in an insurance application with reliance by the insurer. *21st Century Premier Ins Co v Zufelt*, 315 Mich App 437, 445-446; 889 NW2d 759 (2016). "Reliance may exist when the misrepresentation relates to the insurer's guidelines for determining eligibility for coverage." *Id*. at 446 (cleaned up). Defendant did not present any evidence that the premium was affected by either of these misrepresentations, or that either of these misrepresentations would

have affected its decision to insure the F-150. The lack of evidence in this regard leaves open the question of materiality of either misrepresentation.

We further find that there was a genuine dispute as to whether the omission of the Equinox as a vehicle garaged at plaintiff's residence was a misrepresentation. Defendant and the trial court relied on one question and answer from the examination under oath, when plaintiff answered "Yes" when asked if the Equinox had been predominantly parked at his residence on November 11, 2019. We find that the context of the questioning and the one-word affirmative response leaves doubt about whether plaintiff understood the question because plaintiff's other answers, and his wife's affidavit, clearly reflect their stance that the Equinox was not parked at his residence as of November 2019. The fact that plaintiff was driving the Equinox in Michigan during the January 2020 accident adds to the uncertainty about its ownership, and where it was garaged at various times. But a court may not "assess credibility, or . . . determine facts" in deciding a motion for summary disposition. *Skinner*, 445 Mich 161. We find that there are material factual disputes whether plaintiff's omission of the Equinox from the November 2019 application was a misrepresentation.

Because there are questions of fact regarding whether omission of the Equinox was a misrepresentation, and whether the misrepresentations regarding the Pontiac G6 and plaintiff's marital status were material, summary disposition was inappropriate. We reverse the order of dismissal, and remand this matter to the trial court for further proceedings.[1]

## C. RESCISSION AND SETTLEMENT

Plaintiff alternatively challenges the trial court's approval of the remedy of rescission. Our decision to reverse based on the material misrepresentation issue renders this issue moot. We note, however, that "[i]t is the well-settled law of this state that where an insured makes a material misrepresentation in the application for insurance, including no-fault insurance, the insurer is entitled to rescind the policy and declare it void ab initio." *Lake States Ins Co v Wilson*, 231 Mich App 327, 331; 586 NW2d 113 (1998).

Defendant asserts that plaintiff had agreed to a rescission and settlement when he cashed the refund checks. See MCL 440.3311(2) ("the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim"); *Puffer v State Mut Rodded Fire Ins Co*, 259 Mich 698, 702; 244 NW 206 (1932) ("if part of a claim is undisputed and part disputed, acceptance of the undisputed portion in discharge of the whole is binding"). Because the trial court approved of the remedy of rescission

---

[1] Plaintiff also argues that the trial court erred in finding that he had committed fraud. Although the court described plaintiff's statement about marital status, and omissions of the Pontiac G6 and Equinox, as "materially false," the court never actually stated that plaintiff had committed fraud, and thus did not consider the other elements of that theory of recovery. See *Maurer v Fremont Ins Co*, 325 Mich App 685, 695; 926 NW2d 848 (2018).

without deciding whether plaintiff's cashing of the refund checks itself established his assent to rescission and settlement, we decline to decide that question on appeal.

Reversed and remanded.  We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Thomas C. Cameron
/s/ Sima G. Patel