# STATE OF MICHIGAN

# COURT OF APPEALS

---

21ST CENTURY PREMIER INSURANCE
COMPANY,

        Plaintiff/Counter-Defendant-
        Appellee,

v

BARRY ZUFELT and NANCY ZUFELT,

        Defendants/Counter-Plaintiffs,

and

DANIEL NOVAK, BOTSFORD GENERAL
HOSPITAL, ABC TRANSPORTATION,
BOTSFORD MEDICAL IMAGING,
FARMINGTON EMERGENCY MEDICINE, and
ORTHOPEDIC SURGERY SPECIALISTS,
P.L.L.C.,

        Defendants,

and

UNIVERSITY OF MICHIGAN REGENTS,

        Defendant/Counter-Plaintiff-
        Appellant.

FOR PUBLICATION
May 24, 2016
9:15 a.m.

No. 325657
Oakland Circuit Court
LC No. 2013-135198-CK

---

Before: K. F. KELLY, P.J., and FORT HOOD and BORRELLO, JJ.

PER CURIAM.

On January 5, 2015, the circuit court entered an order dismissing the complaint of plaintiff, 21st Century Premier Insurance Company, against defendant, Daniel Novak after the court granted plaintiff's motion for summary disposition pursuant to MCR 2.116(C)(10) and ordered rescission of the no-fault automobile insurance policy plaintiff issued to defendants Barry and Nancy Zufelt. The trial court also entered judgment against defendant University of Michigan Regents (Regents) in the amount of $53,673.95 as reimbursement to plaintiff for costs

-1-

of medical services paid under the policy. Regents appeal the order as of right and for the reasons set forth in this opinion, we affirm.

## I. FACTS

On June 17, 2012, plaintiff issued a policy to Barry Zufelt, which required less than 6 points for eligibility. At the time, Barry had 7 points; however, in the application for insurance, Barry failed to disclose 3 of those points arising from an April 18, 2012 accident. Although plaintiff's underwriting department investigated Barry's record, the recent accident did not appear in the record. Plaintiff issued the policy. By the end of September 2012, the 4 points accumulated in September 2009 from other violations "dropped off" Barry's record and in December 2012, plaintiff automatically renewed Barry's policy for six months. At the time of renewal, Barry had 5 eligibility points.

Shortly thereafter, in March 2013, Barry was involved in an automobile accident. Both Barry and the driver of the other vehicle, Daniel Novak, suffered injuries. Barry's injuries were severe and Regents provided medical care for Barry's injuries.

Thereafter, Novak sued Barry and Nancy Zufelt for damages arising from the auto accident. Barry and Nancy then sought defense and indemnity from plaintiff under the insurance policy. Regents, among other named parties, sought reimbursement of over $600,000 in medical expenses from plaintiff under defendant Barry's policy.

On July 19, 2013, plaintiff filed a lawsuit against the Zufelts, Regents and others, alleging that Barry was ineligible to be insured at the time the policy was issued because he made material misrepresentations on his application, specifically he omitted reference to the April 2012 accident. Plaintiff sought a judgment declaring that the insurance policy at issue was rescinded and that the Zufelts were not entitled to indemnity for damages awarded or a defense in the underlying lawsuit involving Novak. Plaintiff also requested that the court order the Zufelts to reimburse them for any benefits paid under the policy. Plaintiff also sought judgment declaring that the other defendants who provided services were not entitled to no-fault personal injury protection (PIP) benefits. Alternatively, plaintiff sought to reform the policy limiting its liability to statutory minimum standards.

On September 17, 2013, the Zufelts filed a counter complaint against plaintiff for breach of contract, seeking no-fault PIP benefits, along with interest and attorney fees. On March 10, 2014, Regents also filed a counter complaint against plaintiff, seeking reimbursement of medical expenses associated with the medical care it provided to Barry. The lawsuit ultimately became a matter of dispute between plaintiff and the Zufelts, Novak, and Regents while the other named defendants were dismissed.

On June 12, 2014, plaintiff moved for summary disposition arguing there was no genuine issue of material fact that Barry made false statements in obtaining the insurance policy at issue, and therefore rescission of the policy was proper. Plaintiff asserted that it was permissible under the policy language, as well as state law, to void the policy it issued to Barry on the basis of fraud, misrepresentation, concealment, or misstatement of a material fact. Plaintiff argued that it relied on the misrepresentation when it issued the insurance policy. Plaintiff noted that, in

Barry's response to plaintiff's request to admit, Barry admitted his involvement in the April 18, 2012 accident and admitted to the non-disclosure of the accident. Plaintiff also noted that Eric Meier, an underwriter for plaintiff, averred that plaintiff would not have written an insurance policy for Barry had it known of the prior accident.

In its response, Regents argued that Barry was an eligible driver when the policy was renewed, and therefore, was properly covered under the policy at the time of the accident. Regents sought summary disposition in its favor pursuant to MCR 2.116(I)(2).

On November 5, 2014, following oral arguments, the trial court agreed with plaintiff that, under the policy, rescission was proper because Barry provided false information when he obtained the policy. The court granted plaintiff's motion for summary disposition and ordered the policy be rescinded.

To resolve the remaining matters, the trial court entered a judgment in favor of plaintiff and against defendant Regents in the amount of $53,673.95 on December 2, 2014. The trial court entered an order on January 5, 2015, reflecting that the parties stipulated to dismiss plaintiff's complaint against the Zufelts and Novak and the Zufelts stipulated to dismiss their counter-claim against plaintiff. Regents now appeals by right.

## II. STANDARD OF REVIEW

"We review de novo a trial court's decision on a motion for summary disposition to determine whether the moving party is entitled to judgment as a matter of law." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). "In reviewing a motion brought under MCR 2.116(C)(10), we review the evidence submitted by the parties in a light most favorable to the nonmoving party to determine whether there is a genuine issue regarding any material fact." *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270-271; 826 NW2d 519 (2012). Interpretation of a contract and whether the trial court properly applied equitable principles involve questions of law that we review de novo. *Manuel v Gill*, 481 Mich 637, 643; 753 NW2d 75 (2014); *Beach v Lima Twp*, 489 Mich 99, 106; 802 NW2d 1 (2011).

## III. ANALYSIS

As an initial matter, Regents assert that we should ignore plaintiff's arguments based on a claim of fraud because plaintiff failed to assert and prove that Barry committed fraud when applying for the insurance policy. Although plaintiff included the word fraud in a list of reasons to void the policy, the crux of its argument was that rescission was permissible because of Barry's misrepresentation on the application and its reliance on that misrepresentation. To that end, plaintiff cited the language of the policy itself and case law to show that a misrepresentation or failure to disclose was sufficient to rescind the contract. Accordingly, Regent's argument lacks merit.

Next, Regents contend that the insurance policy renewal was a new and distinct contract that was not tainted by the initial misrepresentation. In *Russell v State Farm Mut Auto Ins Co*, 47 Mich App 677, 680; 209 NW2d 815 (1973) this Court discussed a renewal contract as follows:

"A renewal contract has been stated by many jurisdictions to be a new, and a separate and distinct contract, unless the intention of the parties is shown clearly that the original and renewal agreements shall constitute one continuous contract. It has thus been stated to be a new or separate contract which is based upon and subject to the terms and conditions as were contained in the original policy. Unless otherwise provided, the rights of the parties are controlled by the terms of the original contract, and the insured is entitled to assume, unless he has notice to the contrary, that the terms of the renewal policy are the same as those of the original contract." [*Id.*, quoting 13 Appleman, Insurance, § 7648, pp 419-420.]

In this case, there was nothing in the renewal agreement that indicated that the parties intended to alter the terms governing eligibility and plaintiff's right to rescission as set forth in the original agreement. *Id.* Thus, although Barry's policy renewed, because there was no indication that the original terms changed in any significant manner, the terms and conditions that governed the original policy applied to the renewal. *Id.*; see also *Zurich Ins Co v CCR & Co (On Rehearing)*, 226 Mich App 599, 605-606; 576 NW2d 392 (1997) (noting that, generally, a contract is a fully integrated instrument and is to be interpreted by looking within the four corners of the document).

The original policy provides that plaintiff may void the policy, even after an accident, for a material misrepresentation. Specifically, the policy provided in relevant part:

GENERAL PROVISIONS

*   *   *

MISREPRESENTATION OR FRAUD

To determine your eligibility for coverage under this policy and to determine your premium, we relied upon the statements and representations you provided to us. If you knowingly made any false statements or representations concerning a material fact or circumstance to us when applying for this policy or applying for any coverage under this policy, we may void this policy. In addition, we may void this policy *if you concealed or misrepresented any material fact or circumstance*, or engaged in any fraudulent conduct, when applying for this policy.

*Following an accident or loss, we may still void this policy* for fraud, misrepresentation, concealment or misstatement of a material fact or circumstance by you in applying for this policy or in connection with a claim under this policy. . . . If we void this policy, you must reimburse us if we make a payment. [Emphasis added.]

In addition, the insurance application provided in relevant part:

I warrant that all information provided on this Application is complete and accurate and agree it becomes the basis for both my acceptance by the Company, and the premium charged for my policy, along with any information provided to

-4-

the Company or its representatives during the premium quotation process. I understand that *if I provide false information on this Application, or fail to fully disclose requested information* such as drivers listed who operate my vehicles, use of my vehicles, and registration/ownership of my vehicles, accidents and violations, *the Company may cancel or rescind my policy and deny any claim made after the issuance of the policy*, as provided by the conditions of the policy. [Emphasis added.]

The plain terms of the contract did not require a finding of fraud or intentional misstatement, but rather allowed plaintiff to rescind the contract based on a false statement, misstatement of a material fact, or a failure to disclose. Indeed, it is well-settled that an insurer is entitled to rescind a policy ab initio on the basis of a material misrepresentation made in an application for no-fault insurance. See *Lash v Allstate Ins Co*, 210 Mich App 98, 103; 532 NW2d 869 (1995); *Burton v Wolverine Mut Ins Co*, 213 Mich App 514, 517; 540 NW2d 480 (1995). "Rescission is justified without regard to the intentional nature of the misrepresentation, as long as it is relied upon by the insurer. Reliance may exist when the misrepresentation relates to the insurer's guidelines for determining eligibility for coverage." *Lake States Ins Co v Wilson*, 231 Mich App 327, 331; 586 NW2d 113 (1998).

Here, there was no requirement of fraud or intentional misrepresentation. All that was necessary for rescission was a misrepresentation, failure to disclose, or a false statement, all of which were present in this case. Although Barry did not admit to an intentional fraud, he admitted that he failed to disclose the accident that made him ineligible under the terms of the policy. Plaintiff relied on Barry's misrepresentation when it determined he was eligible for the insurance policy. Had Barry disclosed the April 2012 accident, he would have been unable to obtain the insurance policy. Therefore, based on the plain language of the policy, after discovering the non-disclosure, plaintiff had the right to rescind coverage. *Lash*, 210 Mich App at 103; *Lake States*, 231 Mich App at 331.

Regents argues, however, that Barry's initial ineligibility was subsequently "cured" when eligibility resumed, or in other words when the points "dropped off" his record. Although the policy provides that, "We will insure or continue to insure all eligible persons with respect to eligible vehicles subject to the following guidelines," that provision does not apply in this case. Here, Barry was not an "eligible person," because he made a material misrepresentation in the application. The eligibility for the renewal turned on the representations that Barry made on the initial application and the material terms in the initial contract applied to the renewal. Therefore, the renewal was inextricably linked to the initial application and plaintiff was entitled to rescind the contract based on Barry's misrepresentations even after the renewal issued. There was no evidence that plaintiff was aware of the misrepresentation at the time the renewal issued and plaintiff was not under an obligation to continue to check Barry's record. See e.g. *Titan Ins Co v Hyten*, 491 Mich 547, 571; 817 NW2d 562 (2012) (holding that an insurer may assert legal and equitable remedies to avoid liability under an insurance policy even when the fraud of the applicant was "easily ascertainable"). In short, plaintiff did not have a duty to insure Barry under the plain terms of the policy and the renewal did not cure the initial misrepresentation.

Next, Regents argues that plaintiff was barred by the doctrine of equitable estoppel from denying coverage. Regents argues that plaintiff sent a renewal declaration and confirmation letter to Barry regarding his policy, which led Barry to believe that he had no-fault coverage.

"The principle of estoppel is an equitable defense that prevents one party to a contract from enforcing a specific provision contained in the contract." *Morales v Auto Owners Ins Co*, 458 Mich 288, 295; 582 NW2d 776, reh den 459 Mich 1204 (1998), rev'd in part on other grounds 469 Mich 487 (2003). "Equitable estoppel may arise where (1) a party, by representations, admissions, or silence intentionally or negligently induces another party to believe facts, (2) the other party justifiably relies and acts on that belief, and (3) the other party is prejudiced if the first party is allowed to deny the existence of those facts." *West Am Ins Co v Meridian Mut Ins Co*, 230 Mich App 305, 310; 583 NW2d 548 (1998).

In this case, there is no evidence to support that plaintiff intentionally or negligently induced Barry to believe facts that it later denied or to support that Barry justifiably relied on plaintiff's representations. Importantly, there was no evidence to support that plaintiff was aware of Barry's misrepresentation at the time the policy renewed. Furthermore, because Barry made the misrepresentation in obtaining the policy, he could not show justifiable reliance. As noted above, an insurer may rescind a policy ab initio where there is a material misrepresentation in the application for insurance. *Burton*, 213 Mich App at 517. Thus, plaintiff had the right to declare the policy void upon determination of the material misrepresentation, even where, as here, that determination occurred after the automobile accident. Barry was precluded from relying on the original policy and the renewal when his misrepresentation tainted both agreements and rescission was permissible. Accordingly, Regents' equitable estoppel claim fails as a matter of law. *West Am Ins Co*, 230 Mich App at 310.

In short, the trial court did not err in granting plaintiff's motion for summary disposition where plaintiff was entitled to rescind the insurance policy under the plain terms of the contract and where the recission was not barred by the doctrine of equitable estoppel.

Affirmed. No costs awarded. MCR 7.219(A).

/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood
/s/ Stephen L. Borrello