*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID TOURKOW, Personal Representative of
SAMUEL TOURKOW,

      Plaintiff,

v

MICHAEL THOMAS FOX,

      Defendant.

UNPUBLISHED
November 22, 2022

No. 357523
Oakland Circuit Court
LC No. 2019-172541-NI

ENCOMPASS INDEMNITY COMPANY,

      Plaintiff-Appellee,

v

MICHAEL THOMAS FOX,

      Defendant-Appellant,

JON FOX, JOYCE FOX, and DAVID TOURKOW,
as Personal Representative of SAMUEL
TOURKOW,

      Defendants,

and

FARM BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN,

      Intervening Defendant.

-1-

MICHAEL THOMAS FOX,

        Third-Party Plaintiff-Appellant,

v

SWEET INSURANCE AGENCY, formerly known
as VERBIEST INSURANCE AGENCY,

        Third-Party Defendant-Appellee.

---

Before:  CAVANAGH, P.J., and GARRETT and YATES, JJ.

PER CURIAM.

In this no-fault insurance coverage dispute, defendant/third-party plaintiff Michael Fox challenges the trial court's orders granting summary disposition under MCR 2.116(C)(10) in favor of plaintiff Encompass Indemnity Company (Encompass) and third-party defendant Sweet Insurance Agency (Sweet).  We vacate and remand for reconsideration in light of our Supreme Court's intervening decision in *Meemic Ins Co v Fortson*, 506 Mich 287; 954 NW2d 115 (2020).

## I.  FACTUAL BACKGROUND

Defendants Jon and Joyce Fox, parents of Michael Fox, received car insurance from Encompass beginning in April 2011 with a listed address in Bingham Farms, Michigan ("policy address").[1]  Jon and Joyce were assisted by insurance agents at Sweet, formerly known as Verbiest Insurance Agency, to obtain the Encompass policy.  The policy contained an antifraud provision stating that Encompass did not provide coverage if a covered individual "(1) [c]oncealed or misrepresented any material fact or circumstance; or (2) [e]ngaged in fraudulent conduct; or (3) [m]ade false statements relating to this insurance[.]"  Fox moved in with his parents in 2014 and was added as an additional insured on the Encompass policy.  At issue is the Encompass policy renewed by Jon and Joyce for a one-year term beginning April 26, 2018.  The renewal policy coverage summary sent to Jon and Joyce listed Fox's address as the policy address.  Fox was also listed as a rated driver of a 2010 GMC Sierra and a 2000 Harley Fx Series motorcycle.  On May 30, 2018, Fox leased a 2018 Ford F-150.  The Encompass policy was amended to remove the GMC Sierra and add the Ford F-150.

In December 2018, Fox was driving the Ford F-150 in Oak Park when he struck pedestrian Samuel Tourkow.  David Tourkow, as Samuel's personal representative, filed suit against Fox,

---

[1] For consistency throughout this opinion, we will refer to Michael Fox as Fox, and Jon and Joyce Fox by their first names or as the Foxes.

alleging that Fox's negligent driving caused Samuel to suffer serious injuries.[2]  Tourkow also filed a claim for personal protection insurance (PIP) benefits with Encompass.

In May 2019, Encompass sent Jon and Joyce a letter informing them that Encompass was rescinding their insurance policy for the renewal policy term beginning April 26, 2018.  The letter alleged that Jon and Joyce made multiple material misrepresentations that justified rescission and denial of the claims arising from Fox's accident:

> [B]ecause material misrepresentations were made regarding Fox's residence, the garaging location of the 2018 Ford F-150 and because you had no insurable interest in the 2018 Ford F-150 involved in the Subject Loss, Encompass will not extend coverage under the Encompass Policy and all claims, including claims arising out of the Subject Loss, are denied.  Moreover, please be advised that the material misrepresentations made by you, are material misrepresentations such that you engaged in fraudulent conduct and thereafter, and as such, the Policy is hereby rescinded as of April 26, 2018 at 12:01 a.m. due to these misrepresentations.  Therefore, based upon the foregoing, all claims arising out of the Subject Loss are expressly denied and your Encompass Policy is voided.[3]

Soon after, Encompass filed a complaint for declaratory relief against Fox, Jon and Joyce, and Tourkow.  Encompass alleged that it had a right to rescind the policy issued to Jon and Joyce based on material misrepresentations about their ownership interest in the Ford F-150, Fox's address, and the garaging address of the F-150.  Encompass declared that the policy was void, and therefore Encompass had no duty to defend or indemnify Fox for any liability and damages stemming from the lawsuit brought by Tourkow against Fox.  Additionally, Encompass asserted that Tourkow's claim for PIP benefits was not covered because, having rescinded the policy, Encompass was no longer in the line of priority.

Following Encompass's complaint, Fox filed a third-party complaint against Sweet.[4]  The complaint claimed that Sweet was an authorized agent of Encompass and that Jon and Joyce had worked with Sweet for many years to obtain policies issued by Encompass.  Fox alleged that Sweet knew that Fox no longer lived at his parents' home, and instead was living in Oak Park, when Sweet added the Ford F-150 to the Encompass policy.  Fox alleged that Sweet also knew that Fox had bought a home in Oak Park in 2018 because Sweet had provided him with homeowner's insurance quotes.  The complaint requested that if the trial court declared the Encompass policy to

---

[2] For consistency throughout this opinion, we use Tourkow to refer to David Tourkow.

[3] Earlier in the letter, Encompass stated that Jon and Joyce also misrepresented that the Harley motorcycle was garaged at the policy address.  But the trial court's opinion and order granting summary disposition to Encompass relied only on the alleged misrepresentations involving the Ford F-150 and Fox's residence.  We do the same.

[4] Verbiest Insurance Agency was originally named by Fox in his third-party complaint.  But Sweet purchased Verbiest before the accident in this case, and therefore Sweet is the third-party defendant on appeal.  The trial court entered a stipulated order amending the case caption to replace Verbiest with Sweet and ordering all references to Verbiest in the complaint to instead reference Sweet.

be void, then the court should order Sweet to defend and indemnify Fox in the lawsuit brought by Tourkow. This relief would be justified, Fox reasoned, because his lack of coverage with Encompass would result from Sweet's negligence.

The trial court consolidated the case brought by Encompass with the third-party action involving Sweet. Encompass moved for summary disposition under MCR 2.116(C)(10), arguing that Jon and Joyce failed to notify Encompass that Fox no longer resided at their home and that the Ford F-150 was not garaged at the policy address. Encompass asserted that these nondisclosures constituted material misrepresentations that justified voiding the policy as of April 26, 2018. The trial court granted Encompass's motion for summary disposition, finding:

> Encompass has presented sufficient evidence to show Michael Fox and his parents Jon and Joyce Fox did not fulfill the terms of their insurance contract with Encompass, specifically by failing to notify Encompass of Michael Fox's change of residence, and the change of the garaging location of Michael Fox's Ford F-150.

Sweet moved for summary disposition under both MCR 2.116(C)(8) and (C)(10). Sweet argued that Fox failed to establish that Sweet acted negligently because Sweet had no duty to advise Fox about the adequacy of his insurance coverage. Therefore, in Sweet's view, Fox did not plead a valid cause of action for negligence to survive a (C)(8) motion. Sweet further argued that, even if it owed a duty to Fox, Fox's action must still be dismissed under subrule (C)(10) because there was no genuine issue of material fact that Sweet breached the applicable standard of care owed to Fox.[5] The trial court granted Sweet's motion for summary disposition, finding that Fox was "unable to establish the element of harm" that he alleged because "[e]ither Encompass Indemnity Company or Farm Bureau Insurance Company of Michigan [Farm Bureau][6] will be responsible for paying Plaintiff Tourkow's claims."

Fox moved for reconsideration, arguing that the trial court palpably erred by asserting that Fox was protected from liability. Fox explained that because the trial court granted the insurers' motions for summary disposition, Fox was uninsured on Tourkow's third-party claim against him, exposing him to unlimited damages. Fox also asserted that Farm Bureau had a statutory right to seek reimbursement for its PIP payments to Tourkow from Fox. The trial court acknowledged that it erred when it stated that Fox could not be exposed to liability, but the court still denied the motion for reconsideration. The trial court explained that "the Fox Defendants failed to present a

---

[5] The parties presented significant amounts of deposition testimony and documentary evidence in support of, and in opposition to, the motions for summary disposition. Given our resolution of this appeal, it is unnecessary to discuss much of this evidence.

[6] It is unclear from the record when Farm Bureau was brought into the lawsuit, but it appears that once Encompass rescinded its policy, Farm Bureau became the assigned insurer to cover Tourkow's losses through the Michigan Assigned Claims Plan.

genuine issue of material fact [under MCR 2.116(C)(10)] demonstrating that Sweet was aware that Michael Fox was garaging his vehicle in Oak Park."[7]

In May 2021, the trial court entered a consent judgment by the stipulation of Tourkow and Fox, in which a $6,500 judgment was entered against Fox. Collection on the judgment was stayed pending the exhaustion of any appeals. The judgment expressly provided that Tourkow or Fox could move to set aside the judgment if the trial court's decisions on Fox's insurance coverage were reversed. Fox now appeals as of right.

## II. ANALYSIS

We begin and end with Fox's last argument on appeal. Fox contends that, under *Meemic*, the trial court's ruling must be vacated because, at most, Jon and Joyce engaged in postprocurement fraud that cannot support the rescission of a no-fault PIP policy.

Insurance policies are contracts and, as such, are "governed by a combination of statutory provisions and the common law of contracts." *Bazzi v Sentinel Ins Co*, 502 Mich 390, 399; 919 NW2d 20 (2018). Therefore, the rights and limitations of an insurance policy are "entirely contractual" unless otherwise statutorily altered. *Id*. at 399-400 (quotation marks, citation, and emphasis omitted). Michigan's no-fault act, MCL 500.3101 *et seq*., however, requires that automobile insurance policies provide PIP benefits. *Id*. at 399. Because of the no-fault act's mandatory coverage provisions, an insurance contract may not "limit mandatory coverage to a greater extent than either the statute or the common law." *Meemic*, 506 Mich at 302.

In *Meemic*, 506 Mich at 301-302, our Supreme Court confronted a "contractual fraud defense to a claim for coverage mandated by the no-fault act." Meemic provided PIP coverage to the Fortsons and their son, Justin. *Id*. at 293. After Justin suffered serious brain injuries in a car accident, he required full-time attendant care, which Meemic paid under the Fortsons' policy. *Id*. at 293-294. Years later, Meemic discovered that Justin had been in jail and in drug rehabilitation for short periods of time—periods when Justin's parents had continued to submit bills to Meemic for attendant care. *Id*. at 294. Relying on its antifraud provision in the insurance policy, Meemic sought to void the policy so that it no longer had to pay Justin's PIP claims. *Id*.

Our Supreme Court held that "a provision in an insurance policy purporting to set forth defenses to mandatory coverage is only valid and enforceable to the extent it contains *statutory defenses or common-law defenses that have not been abrogated*." *Id*. at 302-303 (emphasis added). Therefore, the key question to decide was whether "Meemic's contract-based fraud defense is available under the no-fault act or whether it is a common-law defense that has not been

---

[7] Fox also moved for summary disposition under MCR 2.116(C)(10) on Tourkow's claims, arguing that there was no genuine issue of material fact that Fox was not negligent with respect to the car accident. Sweet concurred in Fox's motion and stated that granting Fox's motion would render Fox's third-party complaint against Sweet moot. The trial court denied Fox's motion for summary disposition, concluding that "questions of fact remain in this matter." The court also denied Fox's motion for reconsideration on the matter. These orders are not at issue on appeal.

abrogated." *Id*. at 303. First, the no-fault act does not provide a fraud defense to PIP coverage, so Meemic could not assert a statutory defense to avoid mandatory coverage. *Id*. at 303-304.

Second, the Supreme Court considered whether Meemic's fraud defense was available at common law. *Id*. at 304. The Court summarized the common-law doctrines that could allow a party to rescind a contract for fraud or misrepresentation. *Id*. at 304-305. "At common law, the defrauded party could only seek rescission, or avoidance of the transaction, *if the fraud related to the inducement to or inception of the contract*." *Id*. at 305 (emphasis added). Postprocurement fraud, on the other hand, could provide a basis for rescinding a contract at common law only if the breaching party "fail[ed] to perform a substantial part of the contract or one of its essential terms." *Id*. at 307-308. "Generally, however, the mere breach of a contract would not entitle the injured party to avoid the contract at common law." *Id*. at 308. Taken together, the Supreme Court generally concluded that "antifraud provisions are invalid to the degree they purport to apply to misrepresentations or fraud that occurs after the policy has been issued (postprocurement fraud) but upheld such provisions as long as they are limited to fraud in the inducement (preprocurement fraud)." *Williams v Farm Bureau Mut Ins Co of Mich*, 335 Mich App 574, 578; 967 NW2d 869 (2021).

In this case, Encompass relied on its antifraud policy provision to void the Foxes' insurance policy. Fox argues that even assuming that he or his parents made affirmative false representations related to the policy coverage, these representations did not involve the procurement of the original no-fault policy with Encompass or the renewal of the policy on April 26, 2018. At most, Fox asserts, a court could find that Jon and Joyce engaged in postprocurement fraud, which would not provide Encompass with a basis for voiding the no-fault policy. Encompass responds that Jon and Joyce made material misrepresentations when entering into the renewal policy, and given that the policy renewal created a new contract, Encompass's rescission of the policy was not based on postprocurement fraud.

The Supreme Court's decision in *Meemic* was released after the trial court ruled on the motions for summary disposition in this case. Thus, the parties had no ability to raise the *Meemic* decision for the trial court's consideration.[8] We believe that the potential impact of *Meemic* on this dispute underlies all the trial court's summary disposition orders, and that it is therefore best to allow the trial court to address the matter in the first instance. Therefore, we vacate the trial court's orders and remand for the trial court to reconsider Encompass's and Sweet's motions for summary disposition in light of *Meemic* and other pertinent caselaw.[9]

---

[8] Although the trial court denied Fox's motion for reconsideration after the release of *Meemic*, Fox filed his motion before the decision came out.

[9] We vacate the orders granting summary disposition to Encompass *and* Sweet because, if the trial court determines on remand that Encompass could not rely on its antifraud provision to rescind the Foxes' insurance policy, then the third-party complaint against Sweet likely becomes moot. Fox sued Sweet to defend and indemnify him in Tourkow's suit if the Encompass policy was rescinded. But if Encompass could not rescind the policy, then there would be nothing for Sweet to indemnify, so long as Encompass was required to provide coverage.

Fox and Encompass dispute the effect of *Meemic*, i.e., whether the alleged misrepresentations constituted preprocurement or postprocurement fraud, and thus whether Encompass could rescind the policy. In deciding the question, the trial court will have to consider the effect of the April 26, 2018 renewal policy and whether this constitutes a new and separate contract. If it does, then misrepresentations in the inducement of the renewal policy would be considered preprocurement fraud; but if not, then any misrepresentations would constitute postprocurement fraud because they occurred after the inception of the original contract from 2011 between the Foxes and Encompass. In answering this question, the trial court should consider this Court's description of renewal contracts:

> A renewal contract has been stated by many jurisdictions to be a new, and a separate and distinct contract, unless the intention of the parties is shown clearly that the original and renewal agreements shall constitute one continuous contract. [A renewal contract] has thus been stated to be a new or separate contract which is based upon and subject to the same terms and conditions as were contained in the original policy. Unless otherwise provided, the rights of the parties are controlled by the terms of the original contract, and the insured is entitled to assume, unless he has notice to the contrary, that the terms of the renewal policy are the same as those of the original contract. [*21st Century Premier Ins Co v Zufelt*, 315 Mich App 437, 443-444; 889 NW2d 759 (2016) (quotation marks and citations omitted).]

In sum, on remand, the trial court should reconsider Encompass's and Sweet's motions for summary disposition in light of *Meemic* and consistent with this opinion.[10]

## III. CONCLUSION

We vacate the trial court's orders granting summary disposition to Encompass and Sweet and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Kristina Robinson Garrett
/s/ Christopher P. Yates

---

[10] Given our decision to vacate and remand for reconsideration, we offer no opinion on Fox's other arguments on appeal.