*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KIMBERLI ORR,

       Plaintiff-Appellant

v

USA UNDERWRITERS,

       Defendant-Appellee.

UNPUBLISHED
April 25, 2024

No. 363452
Wayne County Circuit Court
LC No. 21-005064-NI

Before: SWARTZLE, P.J., and SERVITTO and GARRETT, JJ.

PER CURIAM.

Plaintiff obtained no-fault automobile insurance from defendant and was involved in an automobile collision. Defendant denied plaintiff's claim for benefits because it discovered that plaintiff made material misrepresentations on her application for insurance. Defendant argued that it was entitled to rescind and void plaintiff's insurance policy, and the trial court granted defendant summary disposition. We affirm.

In plaintiff's application for no-fault insurance from defendant, plaintiff was asked whether all drivers who might operate her vehicle, including residents of her household, were listed on the application, and whether her driver's license had been suspended or revoked anytime in the three-year period before she applied for the insurance. Plaintiff answered that all residents were accounted for on her application and that her license had not been suspended in the prior three years. Defendant issued the policy and, the next day, plaintiff was involved in an automobile collision.

Plaintiff made a claim for insurance benefits for the damages she sustained in the collision. During defendant's investigation of plaintiff's claim, defendant discovered that plaintiff's grandmother lived with her, but she was not listed on the insurance application. Thus, defendant refused to pay plaintiff any benefits, voided plaintiff's policy, and sent her a check for the premiums she had paid. Plaintiff cashed the check, but later she sued defendant. During discovery, defendant learned that plaintiff's license had been suspended for three-days within the three years before plaintiff sought insurance from defendant. This was another basis for rescission, according to defendant.

Defendant eventually moved for summary disposition because, it argued, plaintiff made material misrepresentations on her insurance application that entitled defendant to rescind and void her insurance policy. In addition to evidence of the grandmother's residence, defendant also submitted plaintiff's driving record, which confirmed that her license had been suspended for three-days within the three-year period before she applied for the insurance. Defendant further submitted affidavits from its underwriters that confirmed that it would not have issued plaintiff an insurance policy if it had known of the misrepresentations.

The trial court found that plaintiff made a reckless and material misrepresentation on her insurance application regarding her license, and that defendant relied upon that misrepresentation when it issued plaintiff the insurance policy. Thus, the trial court granted defendant summary disposition.

Plaintiff now appeals.

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (cleaned up). This court reviews a motion brought under MCR 2.116(C)(10) "by reviewing the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632.

The trial court focused on plaintiff's driving record, rather than the grandmother's residence, and we will do the same. Michigan insurance policies are governed by both the no-fault act, MCL 500.3101 *et seq*, and common law. *Bazzi v Sentinel Ins Co*, 502 Mich 390, 399; 919 NW2d 20 (2018). As a result, an insurance policy is subject to common law contract defenses, including fraud, because the no-fault act does not prohibit an insurer from such defenses. *Id*. Therefore, it follows that an insurer who has acted in reliance on false misrepresentations may be entitled to the equitable remedy of rescission. *Titan Ins Co v Hyten*, 491 Mich 547, 558; 817 NW2d 562 (2012). "Generally, fraud in the inducement to enter a contract renders the contract *voidable* at the option of the insurer." *Bazzi*, 502 Mich at 408 (cleaned up). To establish fraudulent action, an insurer must show:

> (1) that plaintiff made a material misrepresentation; (2) that it was false; (3) that when plaintiff made it, she knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that she made it with the intention that it should be acted on by defendant; (5) that defendant acted in reliance upon it; and (6) that defendant thereby suffered injury. [*Titan*, 491 Mich at 555 (cleaned up)].

A misrepresentation is material when an insurer would not have issued a policy if the misrepresentation had been known to the insurer. *Oade v Jackson Nat'l Life Ins Co of Mich*, 465 Mich 244, 253-254; 632 NW2d 126 (2001). An insured must know that her statements are false or that she made the misrepresentations recklessly without any knowledge of the truth. *Titan*, 491 Mich at 555.

Plaintiff argues that her misrepresentation with regard to her driving record was not made knowingly or recklessly because she did not receive notice of the license suspension. Plaintiff's argument is misplaced, however, because this Court has stated that "the law requires [her] to know [her] driving status, i.e., whether or not [s]he is a licensed driver, because only a licensed driver may drive." *Ahmed v Tokio Marine Am Ins Co*, 337 Mich App 1, 25; 972 NW2d 860 (2021). Additionally, plaintiff's driving record confirms that she somehow rectified her suspended license because it was reactivated soon after it was suspended. Thus, plaintiff's statement on her application for insurance was made with disregard to its truth or falsity. See *Meemic Ins Co v Fortson*, 324 Mich App 467, 474; 922 NW2d 154 (2018).

Further, as to plaintiff's argument that rescission was not appropriate because she did not intend to mislead defendant, this Court has held that "[r]ecission is justified without regard to the intentional nature of the misrepresentation, as long as it is relied upon by the insurer." *21st Century Premier Ins Co v Zufelt*, 315 Mich App 437, 446; 889 NW2d 759 (2016). "Reliance may exist when the misrepresentation relates to the insurer's guidelines for determining eligibility for coverage." *Id.* Additionally, an insurer is not required to investigate all of the representations made by an applicant before it determines whether it will issue an insurance policy. See *Titan*, 491 Mich at 557.

In this case, defendant provided affidavits that demonstrated that it relied on plaintiff's misrepresentations because it would have offered plaintiff's policy at a different price, or not at all, if it had known that plaintiff's license had recently been suspended.

Therefore, the trial court's conclusion, that plaintiff made material misrepresentations in the procurement of an insurance policy, is supported by the record and, as a matter of law, defendant was entitled to void the policy *ab initio* because plaintiff's misrepresentations were made recklessly and defendant relied upon them.

Next, plaintiff argues that the trial court erred because it did not balance the equities in holding that defendant was able to rescind the policy. As our Supreme Court explained in *Bazzi*, 504 Mich at 409, rescission is an equitable remedy that a trial court has the discretion to grant. When determining whether to apply that remedy, a trial court must balance all the equities and consider a variety of factors, including:

> (1) the extent to which the insurer could have uncovered the subject matter of the fraud before the innocent third party was injured; (2) the relationship between the fraudulent insured and the innocent third party to determine if the third party had some knowledge of the fraud; (3) the nature of the innocent third party's conduct, whether reckless or negligent, in the injury-causing event; (4) the availability of an alternate avenue for recovery if the insurance policy is not enforced; and (5) a determination of whether policy enforcement only serves to relieve the fraudulent insured of what would otherwise be the fraudulent insured's personal liability to the innocent third party. [*Pioneer State Mut Ins Co v Wright*, 331 Mich App 396, 411; 952 NW2d 586 (2020).]

The facts in *Bazzi*, however, are distinguishable from this case. In *Bazzi*, the plaintiff was injured while driving a vehicle that was leased by his mother. *Bazzi*, 504 Mich at 396. The

defendant provided an insurance policy for the vehicle, but a private business was listed as the insured. *Id*. Plaintiff's sister was the registered agent of the business. *Id*. at 397. The defendant moved for summary disposition because, it argued, the business was a shell company and the vehicle was not being used commercially under the insurance policy. *Id*. This Court held that the defendant was entitled to rescind the insurance policy on the basis of the fraudulent activity, but our Supreme Court reversed, holding that when "two equally innocent parties are affected, the court is required in the exercise of its equitable powers, to determine which blameless party should assume the loss." *Id*. at 410-411; see also *Mendelson Orthopedics, PC v Everest Nat'l Ins Co*, 328 Mich App 450, 461-462; 938 NW2d 739 (2019) (holding the trial court appropriately recognized the insurer's right to void the policy *ab initio*, but also finding that, in accordance with *Bazzi*, the trial court should have balanced the equities to determine whether the equities between the defrauded insurer and *the innocent third party* entitled the insurer to rescission).

*Bazzi* did not hold that a trial court is required to balance the equites when an insurance applicant obtains a no-fault policy through her own misrepresentations, and, contrary to plaintiff's argument, the caselaw firmly establishes that an insurer may declare an insurance policy void *ab initio*. See *Titan*, 491 Mich at 471 (explaining that "an insurer is not precluded from availing itself of traditional legal and equitable remedies to avoid liability under an insurance policy on the ground of fraud in the application for insurance, even when the fraud was easily ascertainable and the claimant is a third party"); *Meemic Ins*, 324 Mich App at 476 (finding fraud in the procurement of an insurance policy "essentially taints the entire policy and all claims submitted under it," thereby invalidating the policy in a manner that suggests "no [] policy ever existed").

Thus, the trial court did not err in granting defendant summary disposition because plaintiff was the cause of the reckless misrepresentation on the application for insurance.

Affirmed.

/s/ Brock A. Swartzle
/s/ Deborah A. Servitto
/s/ Kristina Robinson Garrett