*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CARLOS BYARS-WALKER,

        Plaintiff-Appellant,

and

ATLANTIC PHYSICAL THERAPY &
REHABILITATION SERVICES INC,

        Intervening Plaintiff,

v

JOHN DOE and AVIS BUDGET CAR RENTAL
LLC,

        Defendants,

and

USA UNDERWRITERS,

        Defendant-Appellee.

UNPUBLISHED
January 16, 2026
12:17 PM

No. 372957
Wayne Circuit Court
LC No. 23-013893-NI

Before: REDFORD, P.J., and CAMERON and PATEL, JJ.

PER CURIAM.

        Plaintiff appeals as of right the trial court's order granting summary disposition to defendant under MCR 2.116(C)(10) (no genuine issue of material fact).[1] We affirm.

---

[1] The order plaintiff appeals is the trial court's final order dismissing defendants Avis Budget Car Rental, LLC, and John Doe, and closing the case, but plaintiff is challenging only the trial court's

-1-

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arose after plaintiff was involved in a motor vehicle accident and sought first-party personal protection insurance (PIP) benefits from defendant. Relevant to this appeal, the application for plaintiff's insurance policy contained three questions concerning the suspension status of his driver's license:

> 6. Do you or your spouse currently have a suspended, expired or revoked license?

> 7. Do any other rated household members, currently have a suspended, expired or revoked license?

> 8. In the past three (3) years, have you or any rated household member had your driver's license suspended or revoked?

Plaintiff answered "No" to all three questions. After plaintiff made a claim for PIP benefits, defendant discovered that plaintiff's license was suspended within the three years leading up to the date he filed the application. As such, defendant notified plaintiff that his policy was void *ab initio* and declined coverage. Plaintiff then initiated this lawsuit.

Plaintiff argued in the trial court that question 8 is ambiguous and he reasonably interpreted the question as asking whether the *initial date* on which his license was suspended occurred within the prior three years, not whether his license had the status of being suspended at any point within those three years. Plaintiff contended that, because the commencement of the suspension was more than three years before the date on which he filed his application, his response to question 8 was not a misrepresentation. The trial court disagreed, concluding that the question is not ambiguous, and that plaintiff made a material misrepresentation warranting rescission of the policy. It therefore granted defendant's motion for summary disposition. Plaintiff now appeals.

## II. STANDARDS OF REVIEW

This Court reviews a trial court's decision on a motion for summary disposition de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "Similarly, whether contract language is ambiguous is a question of law that we review de novo." *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 463; 663 NW2d 447 (2003). A motion for summary disposition under MCR 2.116(C)(10) "tests the factual sufficiency of a claim." *El-Khalil*, 504 Mich at 160 (emphasis omitted). "When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *El-Khalil*, 504 Mich at 160. "A genuine issue of material fact exists when the

---

prior order granting summary disposition to defendant USA Underwriters. Because Avis and Doe are not parties to this appeal, USA Underwriters will be referred to as "defendant" for simplicity.

record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

## III. ANALYSIS

Plaintiff argues that the trial court erred by finding he made a material misrepresentation on his application for insurance because the question at issue is ambiguous. We disagree.

"[I]t is well settled that an insurer is entitled to rescind a policy *ab initio* on the basis of a material misrepresentation made in an application for no-fault insurance." *21st Century Premier Ins Co v Zufelt*, 315 Mich App 437, 445; 889 NW2d 759 (2016). "Rescission is justified without regard to the intentional nature of the misrepresentation, as long as it is relied on by the insurer." *Id*. at 446 (quotation marks and citation omitted). A misrepresentation is material if it impacts whether an insurer would have rejected the risk or charged an increased premium. See *Oade v Jackson Nat'l Life Ins Co of Mich*, 465 Mich 244, 255; 632 NW2d 126 (2001).

Because the intent behind the misrepresentation is irrelevant, *21st Century Premier Ins Co*, 315 Mich App at 446, the issue on appeal is whether question 8 is ambiguous. "An insurance contract is ambiguous when its provisions are capable of conflicting interpretations." *Klapp*, 468 Mich at 467. But "courts cannot simply ignore portions of a contract in order to avoid a finding of ambiguity or in order to declare an ambiguity. Instead, contracts must be construed so as to give effect to every word or phrase as far as practicable." *Id*. (quotation marks and citations omitted).

The trial court correctly read question 8 as asking whether, in the prior three years, plaintiff's license had been revoked at any time. The fact that questions 6 and 7 ask about the *current* status of suspension and question 8 asks about suspension in the prior three years indicates that the subsequent question is a follow-up to its predecessors—that is, questions 6 and 7 ask whether any of the applicable individuals had their licenses *currently* suspended, while question 8 asks whether any of the applicable individuals had their license suspended within the last three years of the application.

Because the question is not ambiguous, plaintiff's response was false and a misrepresentation. Furthermore, the misrepresentation was material because defendant's chief underwriter attested that defendant did "not issue policies to individuals with known driver's license suspensions in the three years prior to the policy application." Finally, in issuing the policy, defendant necessarily relied on this misrepresentation. *21st Century Premier Ins Co*, 315 Mich App at 446. Therefore, the trial court correctly determined that defendant was entitled to rescind the policy on the basis of plaintiff's material misrepresentation.

Affirmed.

/s/ James Robert Redford
/s/ Thomas C. Cameron

-3-