*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CITIZENS UNITED RECIPROCAL EXCHANGE,

Plaintiff-Appellant,

v

CELINDA WITT, ALTONIO ALLEN, and
ROBERT ALLEN

Defendants-Appellees,

and

CAPITAL ONE LEASING, LLC and MICHIGAN
FIRST CREDIT UNION,

Defendants.

UNPUBLISHED
May 05, 2026
10:35 AM

No. 373487
Wayne Circuit Court
LC No. 24-006833-CZ

Before: TREBILCOCK, P.J., and PATEL and WALLACE, JJ.

PER CURIAM.

Plaintiff in this matter, Citizens United Reciprocal Exchange (CURE), sought an order from the circuit court declaring that a no-fault policy of insurance it issued to defendant, Celia Witt, is void *ab initio* and declaring that plaintiff is not responsible for physical damage to one of the vehicles covered under the policy, a 2023 Kia Sportage, which was allegedly involved in a motor vehicle accident on April 14, 2023. Pursuant to this Court's decision in *Howard v LM Gen Ins Co*, 345 Mich App 166; 5 NW3d 46 (2023), the lower court granted summary disposition in favor of defendants on the basis that any misrepresentation made by defendant was not material to the collision claim. We affirm.

## I. PROCEDURAL HISTORY

Witt submitted an application for insurance to plaintiff seeking coverage that included "broadened collision" coverage on the Kia and one other vehicle, a 2020 Nissan Altima, as well as other coverages pertaining to two additional older vehicles that did not include collision coverage. Witt listed herself as the named insured and listed two of her grandsons, Altonio Allen

-1-

and Robert Allen, as resident relatives covered under the policy. The application indicated that the Kia, which was financed via a loan, was co-owned by Altonio and Witt. The application stated that the Nissan, which was also financed by a loan, was owned by and registered to Witt. In actuality, as defendants admit, Robert was the sole owner and registrant of the Nissan. After the issuance of the insurance policy by plaintiff, Witt subsequently added and removed coverage for other vehicles and maintained the above-referenced coverage for the Kia and Nissan.

After Altonio was allegedly involved in a motor vehicle accident that caused significant damage to the Kia, plaintiff refused to provide collision coverage, arguing that the policy was void from the date of inception due to misrepresentation regarding ownership of the Nissan.

Following a civil action filed by Witt, for breach of contract arising out of plaintiff's failure to either pay for the repairs to the Kia or pay the actual cash value of the Kia, plaintiff brought the instant action for declaratory relief, described above.

Defendants Witt, Altonio, and Robert filed a motion for summary disposition under MCR 2.116(C)(10) in lieu of an answer,[1] arguing that, because Witt did not seek damages related to the Nissan, her misrepresentation regarding the ownership of the Nissan was "immaterial for purposes of Ms. Witt's collision claim for damage to the 2023 Kia Sportage," and that the declaratory action should be dismissed as a result. In support of their motion, defendants relied upon *Howard*, in which this Court held that rescission was not appropriate because the defendant in that case provided no evidence demonstrating that it relied upon the misrepresentation made by the insured pertaining to a vehicle that the insured added to the policy following his application for insurance, i.e., it did not demonstrate that the misrepresentation was material to the coverage of the other vehicle in question. *Howard*, 345 Mich App at 178-179. Similarly, in the present case, plaintiff argued that defendant likewise offered no evidence that it relied upon Witt's misrepresentation regarding the ownership of the Nissan when it issued the coverage on the Kia. As a result, plaintiff requested entry of summary disposition based on there being no issue of material fact that the Kia is covered under plaintiff's policy notwithstanding the misrepresentation regarding the Nissan, and that the policy is not void *ab initio* with respect to the Kia collision coverage.

Plaintiff filed an answer to the motion, as well as a counter motion for summary disposition pursuant to MCR 2.116(I)(2), arguing that *Howard* was inapplicable to this case because the coverage sought by the plaintiff in *Howard* pertained to personal protection insurance (PIP) benefits, which are statutorily required to be included in a Michigan no-fault insurance policy, meaning that such coverage is regulated by the no-fault act, the common law, and the terms of the policy. Plaintiff asserted that, in order to justify rescission, an insurer must be able to demonstrate fraud by the insured. In contrast, plaintiff argued, because there is no statutory requirement for a no-fault insurance carrier to provide collision coverage, such coverage is regulated by the terms of the policy and, in order to rescind such a policy, an insurer need merely prove that it would have either charged a higher premium or not issued the policy if the misrepresentation had not been

---

[1] The remaining defendants—Capital One Leasing, LLC and Michigan First Credit Union—are not participating in this appeal. As such, any references to "defendants" in this opinion refer only to Altonio, Robert, and Witt, collectively.

made by the insured. Plaintiff attached an affidavit of its underwriting manager to its response indicating that it would not have issued the policy of insurance absent Witt's misrepresentation about the Nissan.

The trial court then conducted a hearing pertaining to defendants' motion for summary disposition at which they argued that plaintiff's interpretation of *Howard* was incorrect because, while that case included a claim for PIP benefits, it also included a claim for underinsured motorist benefits, which coverage (like collision coverage) is not statutorily required to be included in a no-fault policy. Additionally, in response to plaintiff's argument that its underwriting procedures would not allow it to issue an insurance policy covering the Nissan because the named insured did not own the Nissan, defendants argued that plaintiff had not produced any evidence regarding same, except for a self-serving affidavit by its own employee. Further, defendants argued that plaintiff's response to their motion contradicted its earlier responses to requests for admissions in this case, admitting that it does not always void a policy if the insured does not disclose the correct owner of the vehicle. Finally, defendants argued that rescission is an equitable remedy and that it would not be fair to rescind the policy in this collision coverage case, which does not even involve the Nissan.

Following the hearing, the court granted defendants' summary disposition motion, and the relief requested. Plaintiff then filed a motion for reconsideration, which the court likewise denied.

## II. STANDARD OF REVIEW

"We . . . review de novo the interpretation of a contract, such as an insurance policy." *Howard*, 345 Mich App at 170 n 2.

As recently confirmed by the Michigan Supreme Court,

> [w]hen rescission is requested through a motion brought under MCR 2.116(C)(10), the appellate court must first determine, de novo, that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law on the underlying claim. Then, the appellate court must review a trial court's decision to grant or deny the equitable doctrine of rescission for an abuse of discretion. [*Sherman v Progressive Mich Ins Co*, ___ Mich ___; ___ NW3d ___ (2026) (Docket No. 167826); slip op at 15.]

A motion for summary disposition pursuant to MCR 2.116(C)(10) "tests the *factual sufficiency* of a claim." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019).

> When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion. A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ. [*Id*. (quotation marks and citations omitted).]

-3-

## III. ANALYSIS

As the parties agree, a carrier issuing no-fault insurance coverage is not required to include coverage for collision under Michigan's no-fault insurance act, MCL 500.3101 *et seq*. Because such coverage is optional, the limitations and rights of such policy provisions are purely a matter of contract and not regulated by the no-fault act. See *Howard*, 345 Mich App at 172 n 5. The availability of rescission of insurance coverage for material misrepresentations as to optional coverages, such as collision coverage, is likewise governed by the policy. *Id*. at 172.

In *Howard*, a policy of insurance from LM General Insurance Company (LM) covered a 2008 Mercury Mariner and listed the plaintiff and Jasmine Bartell as named insureds. The plaintiff was injured in a motor vehicle accident while operating the Mercury. Several weeks before that accident, Bartell added a 2008 GMC Yukon to the LM policy, after telling LM representatives that she owned the Yukon and that it was garaged at her home. Following the accident, LM discovered the Yukon was instead owned by Bartell's relative, who garaged the vehicle at her Detroit home, facts that LM claimed, "would have led to a denial of coverage or a greatly increased premium on the Yukon." *Id*. at 169. In order to determine whether rescission of optional underinsured motorist (UIM) coverage was appropriate, this Court looked at LM's antifraud provision, which stated:

> Any changes we make at your request to this policy after inception will be made in reliance upon information you provide. We may void this policy if you or an "insured" have concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, at the time application was made, at the time changes were requested, or any time during the policy period. [*Id*. at 178.]

Pursuant to that language, we determined that voiding of the policy was permitted "if *any* insured made a material misrepresentation." *Id*. But we nonetheless affirmed the denial of LM's motion for summary disposition because it did not provide any evidence that the above-referenced misrepresentation was material to coverage on the actual vehicle involved in accident, the Mariner.

> [W]e conclude that as to UIM coverage, Bartell's misrepresentations regarding the Yukon, if material, would allow for rescission. However, LM has not presented any evidence that the misrepresentation was material to the coverage on the Mariner. This Court has noted that an insurer is entitled to a rescission when it has relied on a material misrepresentation that was made in a no-fault insurance application. *21st Century Premier Ins Co v Zufelt*, 315 Mich App 437, 445-446; 889 NW2d 759 (2016). " 'Reliance may exist when the misrepresentation relates to the insurer's guidelines for determining eligibility for coverage.' " *Id*. at 446, quoting *Lake States Ins Co v Wilson*, 231 Mich App 327, 331; 586 NW2d 113 (1998). But LM has provided no evidence that Bartell's statements concerning the later-added Yukon affected LM's earlier decision to insure the Mariner. In other words, the alleged misrepresentation by Bartell as to the Yukon did not relate to the eligibility for coverage on the Mariner that was previously obtained and as to which no fraud is alleged. [*Id*. at 178-179].

Turning to the present case, as plaintiff notes, an application for insurance is deemed to be part of the policy. "The policy application, declarations page of policy, and the policy itself

construed together constitute the contract." *Mapp v Progressive Ins Co*, 346 Mich App 575, 599; 13 NW3d 643 (2023) (quotation marks and citation omitted).

As relevant to this matter, the policy application states the following:

> I hereby declare that the statements on this application are true and request CURE to issue the reciprocal insurance contract applied for in reliance thereon and at rates based on these facts.

> \* \* \*

> I acknowledge that . . . the Attorney-in-Fact for the subscribers of CURE, has informed me that the submission of complete and accurate application information to CURE is necessary for proper underwriting and rating of my application. I further acknowledge that the completeness and accuracy of this information is of the essence for the exchange of reciprocal insurance contract to be effective. *I understand and agree that any material misrepresentation or omission by me in this application will void coverage from the inception date of the contract and/or cause the contract to be cancelled in accordance with any applicable laws*. [(Emphasis added).]

We are bound by this Court's decision in *Howard* as it pertains to the issue of materiality, i.e., plaintiff must demonstrate that the misrepresentation was material to the coverage of the vehicle in question. *Howard*, 345 Mich App at 178-179.[2] Plaintiff attached two documents as exhibits to its response to defendants' motion for summary disposition to support its assertion that it relied upon the misrepresentation, a rescission letter sent to Witt by one of its employees and an affidavit of one of plaintiff's employees.

The letter proffered by plaintiff indicates that the misrepresentation "affected [plaintiff's] ability to properly rate and underwrite *the policy*." The letter, however, is not admissible as evidence because it constitutes hearsay under MRE 801(a) and MRE 802, i.e., it is an out-of-court statement offered into evidence to prove the truth of the matters asserted and does not fit within any recognized hearsay exception. *Slayton v Michigan Host, Inc*, 144 Mich App 535, 546-547; 376 NW2d 664 (1985). By way of example, it cannot be deemed admissible under Rule 803(6), as a record of a regularly conducted activity, because "the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." MRE 803(6)(E); *Slayton* 144 Mich App at 551. The letter was generated by plaintiff after the subject collision as a means to avoid liability on its collision coverage. As such, we reject plaintiff's invitation to reverse the trial court on the basis of the proffered letter.

---

[2] We note that the Supreme Court, in *Sherman*, once again confirmed that "[a] misrepresentation is material if the insurer would have rejected the risk or charged an increased premium and would not have issue the same contract had it been given the correct information." *Sherman*, ___ Mich at ___; slip op at 10.

Turning to the only other evidence submitted to rebut defendant's summary disposition motion below, MCR 2.116(G) permits a party to submit an affidavit in support of a motion for summary disposition pursuant to MCR 2.116(C)(10) or response thereto. As noted above, the affidavit submitted by plaintiff avers that its underwriting guidelines would have made Witt ineligible for the policy she obtained as a result of her misrepresentation, i.e., she would not have been eligible for the insurance because she did not own the Nissan. However, as defendants argue, plaintiff's affidavit undercuts an earlier, binding admission signed by plaintiff in this case, pursuant to MCR 2.312 (request for admission), admitting that plaintiff does, in fact, issue policies to insureds who do not own the vehicle covered. The effect of the signature of a party (or their counsel) on such a document "constitutes a certification by the signer that: (a) he or she has read the document; (b) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact . . ." MCR 1.109(E)(5). When a party certifies or swears to a fact in a civil action, they may not create a factual issue by merely asserting the contrary in an affidavit. See, e.g., *Dykes v William Beaumont Hosp*, 246 Mich App 471, 479-480; 633 NW2d 440 (2001). Additionally, as defendants likewise argue, plaintiff did not actually submit any underwriting documents to the trial court in support of its response and countermotion to plaintiff's motion for summary disposition in this matter which were specific to its assertion in this case that but for the false representation it would not issue a policy.

This case is distinguishable from *Sherman*, a case in which the plaintiff's insurance application falsely "claimed a different garaging location for her vehicles than their actual location and did not disclose the presence of relatives who resided with her." *Sherman*, ___ Mich at ___; slip op at 2. An affidavit signed by the defendant's underwriting specialist in *Sherman*, which averred that the subject premium would have increased by 75.5% if the plaintiff had disclosed her permanent Detroit address, was unrebutted in that case. Since there was no genuine issue of material fact on that issue, *Sherman* then addressed whether the trial court abused its discretion by denying the motion for summary disposition. *Id*. at ___; slip op at 12. In contrast, in the present matter, as detailed above, the affidavit contradicts an earlier binding admission made by plaintiff. In other words, we cannot ignore a prior admission of a party by relying on a later filed affidavit which undercuts the import of the admission.

The facts of the present case are closer to *Howard*. The insurance carrier in *Howard* failed to present admissible evidence establishing that the misrepresentation in that case was material to the coverage of the other vehicle in question. In the present case, plaintiff's only evidence of its reliance upon Witt's misrepresentation regarding the ownership of the Nissan when it issued the coverage on the Kia is rebutted by its own admission. Thus, considering the evidence in the light most favorable to the nonmoving party, we find that no genuine issue of material fact remains on this issue. See *Sherman*, ___ Mich at ___; slip op at 7, 15. We accordingly cannot conclude that

the court erred by granting defendants' motion for summary disposition and denying plaintiff's counter motion for summary disposition.[3]

Affirmed.

/s/ Christopher M. Trebilcock
/s/ Sima G. Patel
/s/ Randy J. Wallace

---

[3] Defendants also argue that a 30-day-cancellation-notice provision in the policy was violated by plaintiff, and that plaintiff is not entitled to rescission as to Altonio or Robert because they are innocent third parties; however, because we find that the trial court did not err when it granted defendants' motion under *Howard*, we need not address those arguments.